CALVIN TOWNSLEY AND CHARLES W. TOWNSLEY v. ISAAC
B. BARBER, WM. H. BARBER, ALBERT L. BARBER, CHAR-
LOTTE A. BARBER, NANCY C. BARBER, LOUISA M. BARBER,
HELEN A. BARBER AND ISAAC B. BARBER, JR.

[ IN CHANCERY.]

*Trust fund.*

No privity exists between a creditor and the trust fund of his debtor, to which the debtor
might perhaps have resorted for the same means which he procured of the creditor, if, at
the time of furnishing those means, the creditor had either actual or constructive notice
of the trust, and gave credit to the trustee and not to the trust fund.

APPEAL FROM A DECREE OF THE COURT OF CHANCERY.
The bill charged that the defendant, Isaac B. Barber, in March,
1837, took of George Boardman a deed of a farm in Halifax,
where he now lives, in trust for his wife and children, and in July,
1838, took another deed of Thomas Farnsworth, of another piece
of land in Halifax, of about eleven acres, to hold in trust for the
same persons, and from that time carried on and managed said
lands, and bought and sold cattle, &c., and, from the income, &c.,
and from his own labor and speculations, supported himself and his
family till about the year 1848 ; and during all said time was the
ostensible owner of said property, real and personal; and during
all that time was in the habit of purchasing necessaries, &c., for
his family, on credit, and paying therefor afterwards from the rents
&c. of said trust property.   That in 1842, said Isaac B. applied
to the orators for goods and family stores, at their store in Brat-
tleboro, representing himself to be possessed of considerable pro-
perty and to be entitled to credit; and the orators believing him
to be the owner of the property then in his possession, consented
to, and did sell him $300 worth of goods and family stores, on
credit, which were used by him for the support of his said wife
and children,—that the orators called on him for pay, and he
refusing, the orators sued him on the 22d of December, 1848,
and attached a quantity of personal property which the said Isaac
B. had acquired while living on said real estate.   That on the 23d
of December, 1848, the said Isaac B. sued the orators' officer, in
trespass for this property.   That the orators, in the name of their
28

officer, (who had no interest, being indemnified,) plead their process in justification, to which Barber replied that said property was held by him in trust for third persons, and that the suit was brought for their sole benefit. That the orators always believed, and they now insisted, that said property attached was not held in trust, but was the defendant's sole property; but they insist, if said property was held in trust, it was for the defendant's wife and children, and inasmuch as said goods and family stores, sold by the orators to the defendant, on credit, were necessaries, and used in the family for the support of his wife and children, the said trust fund was bettered thereby to the amount of the value of said goods, and that the defendant ought in equity to appropriate a sufficient amount of said trust fund to pay the orators' debt, especially as the defendant at the time of taking said goods was, and ever since has been, insolvent, and has no attachable property.

The prayer of the bill was, that the defendants be enjoined from prosecuting their suit of trespass, and that if it should appear that said Isaac B. is trustee and held said property in trust, that he be decreed to execute the trust in good faith, and pay the orators' debt, and for further relief.

The defendant, Isaac B. Barber, in his answer, admitted his indebtedness to the orators, and his inability to pay them; also, that he had commenced the suit against the attaching officer, as alleged by the orators, and that he claimed to recover for the property attached and sold, on account of its being trust property; but denied that he had obtained credit with the orators by representing that he was possessed of property, or that he ever made any representations to them on the subject. The defendant further answered, that the property was all of it held in trust for his wife and children,—that it was purchased with property received by his wife from her father, or furnished to him, for their benefit, by his son Wm. H. Barber;—that this trust was a matter of notoriety, and that it was expressed in the deeds to him of the real estate, which were upon record in the town of Halifax, and that he believed that the orators had knowledge of the same. The answers of the other defendants, who were the children of the said Isaac B. Barber, were simply confirmatory of his, which they adopted as their own. These answers were traversed, and testimony was

taken. The facts established by the testimony, so far as they were material to the decision of the case, are sufficiently stated in the opinion of the court.

The court of chancery, at their September Term, 1853, dismissed the bill, from which the orators appealed.

*Keyes & Kellogg* for the orators.

*Shafter* for the defendants.

The opinion of the court was delivered, at the circuit session in September, by

BENNETT, J.   It seems that at the April Term of the county court, 1850, the plaintiffs recovered judgment against Isaac B. Barber, for some two hundred dollars, for goods sold and delivered to said Barber, and that for the purpose of securing the judgment, which might be recovered, certain property had been attached and sold on the mesne process as the property of Barber; and Barber had commenced his suit against the officer who attached the property, claiming that the property was held by him as a trustee, and was not his private property; and, under this state of facts, this bill is brought for the purpose of having the suit against the officer enjoined, and that, if the trust shall be established, that Barber be decreed to pay the orators' debt out of the trust property.   The bill, however, seems to have been drawn with a double aspect, and in the first instance it charges that Barber was not trustee, as he pretends, in his pleading in the suit against the officer, and seeks a discovery.   It is very clear that the bill cannot be sustained on this latter ground, and it is sufficient to say that the answer denies that the property was his, but sets up the trust, and is responsive to the bill,—and the answer is not overcome by opposing testimony. It is, of course, of no use to inquire whether, if it had turned out that the property was the private property of Barber, chancery would have taken jurisdiction, or left the orators to have made their case out at law.

It is claimed by the orators that if the defendant, Barber, is the trustee of the property, still they are entitled to relief, in equity, and this is the principal question in the case.   But it is difficult to

see upon what ground they can claim an equitable *lien* upon this property. The bill charges, and the case shows, that the goods were sold and delivered to the defendant, Barber, upon his individual credit, and in the ordinary way, for the use of himself and family. It is not charged in the bill, nor pretended by the evidence, that these goods were intended to be delivered upon the credit of the trust fund, and the presumption is, that Barber bought them to enable him to perform the natural duty, which the law imposed upon him, to support his wife and children. The trust was a fact of general notoriety, and is disclosed upon the face of the deeds, which were upon record; and the answer of Barber states that he believes that the orators had personal knowledge of the trust. At all events, we think the orators were chargeable with notice. There is no evidence to show fraud in Barber, and the orators being chargeable with notice of the trust, and having given the credit to the trustee, and not to the fund, there can be no privity, not even in equity, between the orators and the trust funds. Though it might be held that the trustee might be entitled, in equity, to have the trust funds applied to the support of the *cestuique trusts*, on the ground of his inability to support them, yet it by no means follows that the present orators could be substituted to the same right. The orators having parted with their goods upon the sole credit of the trustee, and being chargeable with a notice of the trust, come into court with an ill grace with an attempt to follow the trust funds into the hands of the beneficiaries. There is no good ground for treating them as debtors for the property, either in law or in equity.

The decree of the chancellor should be affirmed, with costs.