## ISAAC B. BARBER v. CHARLES CHAPIN.

*Liability of trust property for purchases made for benefit of the cestui que trust on the personal credit of the trustee. Recoupment.*

In an action to recover for trust property attached and sold upon process against the trustee personally, it cannot be shown that a part of the demand, for the recovery of which the process issued, was for property bought by the trustee for the benefit of the trust, and appropriated to the use of the *cestui que trust*, and the value of it be deducted in the recovery by way of *recoupment*, or otherwise, if it do not appear and is not claimed that there was any mistake, misrepresentation or other fraud in obtaining it on the personal credit of the trustee.

Instances in which the term *recoupment* is properly applicable to the reduction of damages by way of a *quasi* offset of a counter unliquidated claim.

TRESPASS, for taking certain oxen, farming utensils and crops. Plea, the general issue; and also that the defendant, as deputy sheriff, took the property by virtue of a writ of attachment in favor of Townsley & Son against the plaintiff, and sold the same on the attachment, under the statute. Replication, that the property attached was held by the plaintiff in trust for his wife Nancy Barber, and his children Wm. H. Barber, Albert L. Barber, &c., and that the suit was brought and prosecuted for their benefit. This replication was traversed, and the cause was tried by jury at the April Term, 1855,—UNDERWOOD, J., presiding.

The taking of the property, and that it was taken by the defendant, as a deputy sheriff, on a writ in favor of Townsley & Son, against the plaintiff, as set forth in the defendant's special plea in bar, was conceded; and it appeared that the defendant was indemnified by Townsley & Son for attaching the property, to recover for which this suit was brought; and it was further conceded by the defendant that the property sued for was trust property, as set forth in the plaintiff's replication, and was held by the plaintiff merely in trust for the benefit of the persons named as being the persons beneficially interested therein.

The defendant then, under the general issue, proposed to prove that the property sued for by said Townsley & Son, and for which they recovered judgment against the plaintiff, was property bought for the benefit of, and applied to the improvement and benefit of the trust fund, and for the use and benefit of the family named as the *cestui que trusts*, and claimed the right to have the said judg-

ment of Townsley & Son deducted from the value of the property
sued for by way of *recoupment.* To this defense and showing the
plaintiff objected, and the court decided the evidence and defense .
inadmissible, to which the defendant excepted, and thereupon con-
sented to a verdict in favor of the plaintiff for the full value of the
property.

———————————— for the defendant.

The court will undoubtedly protect the equitable interest of the
*cestui que trusts,* but only so far as it has been invaded. The court,
we think, will not let them recover for that which they have already
had; *Stow* v. *Yarwood et als.,* Law Reports, Dec. 1853, p. 456.

The parties in interest, and the subject matter being the same,
one suit is sufficient to settle both demands. Dyer 2 b.; 8 Viner
Abr. 556–7; 2 T. R. 97; 15 Mass. 389; Story on Bail'ts § 315
& 349; 20 Wend. 267; Burrows 2214; 3 Met. 9; 14 Pick. 356;
6 Mass. 20; 3 Dana 489; 20 Conn. 204; 8 Vt. 33; 8 Vt. 407–
413; 10 Vt. 506.

*C. N. Davenport* and *H. E. Stoughton* for the plaintiff, argued
that the doctrine of *recoupment* was not applicable, and the evi-
dence offered inadmissible ; and that the whole matter relied upon
as a defense, was *res adjudicata* by the decision in *Townsley et al.*
v. *Barber et al.*

The opinion of the court was delivered by

REDFIELD, CH. J. The deduction which was claimed in the
recovery, in the present action, whether it is called by one name
or by another, must depend upon its justice and equity, certainly.
One difficulty in regard to the claim has been to know if it can be
shown to be strictly equitable. For, if so, it would seem the court
of equity, when appealed to, would have sustained it. But it is
admitted they did not. And, although the recovery of the defend-
ant's, in the bill in equity, was not insisted upon by way of answer
to the claim of *recoupment,* set up in this suit, and so is no part of
the record, so that we could treat it as an estoppel upon the claim,
yet the decision is equally binding upon the law of the case as an
authority.

That case not being reported,* we are not put in possession of the reasons upon which the case proceeded. But we suppose it must have gone upon the ground that, there being no fraud or misunderstanding between the parties, and no mistake, misrepresentation or misapprehension, they must be content to stand by their contract.

Had the plaintiff, by representing himself as the owner, or, perhaps, by having the possession and ostensible ownership of the property held in trust, gained a false credit with Townsley & Son, and especially had he have done this purposely, and the property obtained through this false credit had gone to the use of the *cestui que trusts*, it is very probable that a court of equity, in accordance with its usual laws of decision, would have afforded some relief. But nothing of that kind was offered to be shown in the present case. Here, for anything apparent, the fact of the property being trust property was well known to Townsley & Son, at the time the credit was given. And, if it had not been known, it might not have been the fault of the *cestui que trusts*, or even of the trustee. The credit, then, being given to the trustee personally, without fraud or mistake, we are unable to perceive any ground for deducting the amount of the credit from the judgment.

It will not aid the clearness of our perceptions, to go into the cases upon the subject of *recoupment*, or *recouper*, as it was at one time called. The modern use of this term is confessedly so indefinite as to afford no reliable grounds upon which it is safe to proceed.

It may be admitted that if the defendant is made liable in trover, or trespass, or case, or even in contract, for the conversion, or the price of a chattel, which he has himself repaired, or essentially enhanced the value of, at his own expense, under the belief that the title was in himself, or in some other from whom he received it, and at whose instance he made the repairs, or contributed to the enhanced value, he is not to be made liable *for that portion of the value which he himself contributed*. This is often called *recoupment*. So, too, if the defendant in such action has applied the chattel *bona fide*, or, perhaps even without that, has made the application of the chattel to the actual discharge of the plaintiff's

---

*The case has been reported since this opinion was delivered. See 27 Vt. 417,— *Townsleys* v. *Barbers*, (In Chancery.)

debt, this is to reduce the recovery to that extent, and this is called *recoupment*, sometimes. So, too, in some of the cases, where the suit is brought upon a contract defectively performed, and the deficiency is, as it may be, shown in reduction of the amount of the recovery, it is called *recoupment*. There are many other instances of the application of this term *recoupment* to the reduction of damages, by way of *quasi* offset of counter claims not liquidated, and which on that account could not be treated as strict set-offs; 2 Parsons on Contracts 246–247, and notes and cases referred to.

But we can find no case where any such claim as the one made in the present case has ever been allowed to prevail at law. And although the party was undoubtedly well founded in his first view of the nature of his claim, that it was of a character perfectly cognizable in a court of equity, if any where, yet it seems it was not recognized even there. And although there may be a kind of moral equity in the state of facts offered to be shown by the defendant, in favor of those whom he represents, yet it is, we think, too remote and uncertain to constitute any legal ground of reducing the amount of the recovery. To determine the equity of this set-off it would be required to go into the entire state of the accounts between the trustee and his *cestui que trusts*, which could only properly be done in a court of equity, and if the party failed there, it would be strange if the same tribunal should afford redress at law, or, indeed, if any court of law should do it.

Judgment affirmed.

