## THOMAS J. CAREY *vs.* CHARLES P. GUILLOW.

In an action of tort for false and fraudulent representations of the defendant, in exchang-
ing horses with the plaintiff, concerning the horse which he delivered to the plaintiff in
the exchange, the defendant may recoup damages for like representations made to him
in the transaction, by the plaintiff, concerning the other horse.

TORT. The declaration alleged "that the plaintiff and the
defendant, being each possessed of a horse, exchanged the same;
that to induce the plaintiff to make said exchange the defendant
falsely and fraudulently represented to the plaintiff that his (the
defendant's) horse was sound, well and all right, and the plain-
tiff, believing said representations to be true, was thereby induced
to make, and did make said exchange of horses with the defend-
ant as aforesaid, and the defendant's horse was not sound, well
and all right, but was unsound, diseased and sick with some dis-
ease which the plaintiff is unable to name, and was of no value,
all which the defendant then and there well knew;" to the dam-
age of the plaintiff, etc. The answer admitted that the plaintiff
and the defendant exchanged horses; denied that the defendant
made any false and fraudulent representations as an inducement
to the exchange; alleged that he disclosed to the plaintiff fully
and fairly all that he knew about the horse which he exchanged;
and further alleged "that the plaintiff, to induce the defendant
to make said exchange, falsely and fraudulently represented his
(the plaintiff's) horse to be sound every way, except that it had
the scratches, but the defendant says that it had not only the
scratches, but had the heaves, was foundered, had cancer warts
on the head, and was baulky, and the defendant says that the
plaintiff knowingly and grossly deceived and cheated him in said
trade and exchange of horses," to the damage of the defendant,
etc., "and he denies that the plaintiff has any just cause of action
against him or is entitled to any damages whatever, but says that
the defendant is entitled to damages."

At the trial in the superior court, *Scudder*, J., "excluded
from the whole case all evidence relating to any representations
concerning, or defects in, the horse which the defendant received

of the plaintiff in the exchange, and confined the evidence to representations and defects relating to the horse which the defendant let the plaintiff have in the trade or exchange." The verdict was for the plaintiff, and the defendant alleged exceptions.

*W. Griswold & W. A. Gile*, for the defendant.

*W. S. B. Hopkins*, (*S. O. Lamb* with him,) for the plaintiff.

CHAPMAN, C. J. This is an action of tort, in which the plaintiff alleges that the parties exchanged horses, and the defendant falsely represented that his horse was sound, knowing that he was unsound, whereby the plaintiff was damaged. The defendant answers that the plaintiff falsely represented his horse to be sound, whereby the defendant was damaged. All evidence to sustain this defence was excluded, and to this ruling the defendant excepts, and contends that he had a right to establish his defence, and recoup the damages sustained by him against any damages that the plaintiff may recover. The plaintiff replies that recoupment cannot be made in an action based on the fraud of the defendant, nor can he recoup the damages alleged to have been sustained by him through the fraud of the plaintiff.

In actions of contract, the doctrine of recoupment is well established in this Commonwealth. It was not recognized in the case of *Everett* v. *Gray*, 1 Mass. 101. But in *Taft* v. *Montague*, 14 Mass. 282, that decision was in effect overruled. The plaintiff had brought an action to recover the price of a bridge which he had built for the defendants, and they were allowed to prove in defence that it was so badly built as to be worthless. The authorities were not discussed, but Parker, C. J., said it would be a reproach to the law if the plaintiff could recover.

In *Harrington* v. *Stratton*, 22 Pick. 510, the cases in which the doctrine had been established in New York were discussed, and the modern English authorities referred to. It is there said that the doctrine rests on the principle that it is always desirable to prevent a cross action when full and complete justice can be done in a single suit ; and it is on this ground that the courts have of late been disposed to extend to the greatest length compatible with the legal rights of the parties the principle of allowing evi-

dence in defence or in reduction of damages to be introduced, rather than to compel the party to resort to his cross action.

When an action is brought upon a promissory note, the defendant may go back of the contract sued upon, and prove a warranty or a fraud in the sale of a chattel for the price of which the note was given, and recoup the damages occasioned to him by the fraud or the breach of that warranty. *Perley* v. *Balch*, 23 Pick. 283. *Burnett* v. *Smith*, 4 Gray, 50.

In *Dorr* v. *Fisher*, 1 Cush. 271, 275, the doctrine is stated by Chief Justice Shaw. He says the general tendency of modern judicial decisions is to avoid circuity and multiplicity of actions, by allowing matters growing out of the same transaction to be given in evidence by way of defence instead of requiring a cross action, when it can be done without a violation of principle or great inconvenience in practice. It is difficult to see why the principle, thus stated, does not apply to the present case. Here are mutual and adverse claims for damages growing out of one transaction. Each party sold to the other a chattel and took another chattel in payment. For misrepresentations of the character alleged each party may generally sue in contract or in tort. If the plaintiff had declared in contract, alleging that the defendant agreed that his horse was sound as far as he knew, knowing him to be unsound, it cannot be doubted, in view of the authorities cited above, that the defendant might recoup his damages. The fact that the plaintiff sues in tort does not complicate the matter. It is not more difficult, or less desirable, in such an action, to have the whole litigation adjusted in a single suit. This method of avoiding a cross action can work no injustice, nor abridge the legal rights of the parties. Nor does the plaintiff's position entitle him to any special favor as against the defendant, since the defence which he endeavors to preclude the defendant from making is founded on his own alleged fraud. It is obviously right, that, if the defendant has been damaged by the plaintiff's wrong, the damages should be recouped.

This view is not only reasonable but it is sustained by the authorities. The doctrine of recoupment is not novel, but is as ancient as the common law, and was in early times applied to

actions founded in tort ; as, if one who is entitled to rent disseise the tenant, in an assize brought by the disseisee he may recoup the rent in the damages.  A disseisor may also recoup all in damages that he has expended upon repairing buildings ; also rent service incurred during the disseisin.  Also a guardian in socage in his own wrong shall have reasonable allowance.  *Coulter's case*, 5 Co. 30.  An executor in his own wrong shall not recoup his own debt.  *Ib.*  But in an action of trover by the administrator against him he may recoup payments of debts made by him.  *Whitehall* v. *Squire*, Carth. 104.  *Mountford* v. *Gibson*, 4 East, 441.  See also *Icely* v. *Grew*, 6 Nev. & Man. 467, 469, note *a*.

The case of *Odom* v. *Harrison*, 1 Jones, (No. Car.) 402, is cited, in which it was held that damages could not be set off in a case like the present.  But the authorities are not cited, nor is the word recoupment used ; and it would seem from the case, that the supreme court of North Carolina does not recognize any such principle in any case.  But we think the doctrine is founded in good sense and is well established by authority in application to such a case as this, and that the defendant ought not to have been turned over to his cross action.

*Exceptions sustained.*