EATON and another vs. WOOLLY.

1. *Degree of care and skill required of one working for day's wages.*   2. *For what errors a judgment will be reversed.*   3. *Evidence—Matters of opinion.*

1. One who works by the day must exercise ordinary care and skill, or he cannot recover as wages the value of work properly done, but is liable to a deduction for any defects.
2. A judgment will not be reversed for any errors which become immaterial in view of the facts which the jury must have found in order to render the verdict which they did render.
3. It is for the jury, under the charge of the court, to draw inferences or state conclusions from the facts proven, and not for witnesses to give opinions based upon such facts, in matters not involving professional skill or peculiar knowledge or experience in their determination. A refusal to let a witness state his opinions in such a case is, therefore, not ground for a reversal.

APPEAL from the Circut Court for *Milwaukee* County.

The plaintiffs, copartners as machinists, brought this action to recover $392.60, alleged to be due them on an account against defendant for work and labor done and materials furnished in putting up a "stationary steam engine and shafting, two lard tanks, one condenser, and one steam hoisting machine," and also to enforce a lien for the amount upon the machinery and upon defendant's interest in the premises upon which the same was erected. The answer was, 1. A general denial that any sum was due from defendant to plaintiffs on account. 2. That on, &c., defendant entered into a contract with plaintiffs,

whereby the latter agreed to furnish, and put into a certain lard tank of defendant, an entire set of steam coil pipe; that plaintiffs represented themselves as competent mechanics and steam-fitters, and undertook to make and put in said coil in a mechanical and workmanlike manner, &c. ; but that said coil was not put in in such manner, and was wholly worthless for the purpose for which it was designed, to plaintiffs' damage $100. 3. Like averments in respect to a steam hoisting machine which plaintiffs undertook to construct and adjust in defendant's packing house; with special allegations as to expenses which defendant had undergone in fitting up a room in the upper floor of his packing house, in anticipation of the successful working of said machine. Defendant laid his damages at $700 for plaintiffs' failure to construct said hoisting machine at the time and in the manner agreed. There was a reply in denial of these counterclaims, in which plaintiffs claim to have been employed by defendant to do the work referred to " by the day," and not under any special contracts, such as those alleged in the answer; and also claim to have furnished the materials used in the work at certain stipulated prices.

The questions which arose upon the record will sufficiently appear from the opinion.

Verdict for the plaintiffs for the full amount claimed ; new trial denied ; and defendant appealed from a judgment on the verdict.

*Palmer, Hooker & Pitkin*, for appellant.

*Markham & Johnson*, for respondents.

DIXON, C. J. There was no evidence tending to show that any of the work was done or materials furnished by the plaintiffs under special contract with the defendant, except in the construction of the hoisting machine ; nor was there any evidence establishing the express warranty or representation set up in the second defense of the answer, as to the other work performed by the plaintiffs. It was conceded by the defendant, who was a witness on the stand, that all the labor except

upon the hoisting machine was done at day wages, and all other materials furnished at the prices demanded by the plaintiffs. The chief point in controversy upon the trial was with respect to the third defense, whether the hoisting machine was erected, or agreed to be, upon the special contract for the price, and with the agreement and warranty on the part of the plaintiffs, claimed by the defendant. It was also controverted, whether any of the work was performed in a mechanical and workmanlike manner. The defendant and his witness. Hayden testified positively to the special contract with respect to the hoisting machine. The plaintiff *Eaton* testified as positively the other way, and that all the work was performed without special contract, but for such compensation and wages as should be just and fair. The defendant and his witnesses testified to defects, and that the work was unskillfully and improperly done; whilst the plaintiff *Eaton* and his witnesses, an equal number with the defendant's, testified that the work was properly and skillfully performed, so far as the plaintiffs were permitted by the defendant to complete the same. The court, among other things, charged the jury, that if they found there was a special contract, then the plaintiffs could recover nothing for the hoisting machine, for the reason that they had not sued upon such contract; but should they find there was no such contract, then they would consider whether the plaintiffs did the work in a good, workmanlike manner, under the rule of law given to them. The court also gave as a rule of law to the jury, that where a man works by the day, he is required to exercise ordinary care and skill, and to do his work in an ordinary, fair, workmanlike manner, and, if he does not, he can not recover as wages the value of work properly done, but the employer is entitled to a deduction for any defect in the labor, or in the manner of its performance. The correctness of the charge in these particulars is not questioned by counsel for defendant in this court, and we see no reason to question it. The jury returned a verdict for the plaintiffs for the exact amount

claimed by them, though without allowance for interest, according to the schedule or bill of items attached to the complaint and testified to by the plaintiff *Eaton* and his witnesses. It thus appears that the jury must have found that there was no special contract with regard to the hoisting machine, and that all the work was done by the day, and was performed in a good and workmanlike manner. It cannot be doubted that there was testimony on the part of the plaintiffs to support this verdict, although there was directly contradictory testimony given by the defendant. It was for the jury to determine the facts, and they having found that there was no special contract, and that the work was done by the day, and well done, all the errors complained of by the defendant, conceding them to have been such, have become wholly immaterial.

The supposed error in not submitting to the consideration of the jury the damage claimed to have been sustained by the defendant by reason of the delay in the construction of the hoisting machine, or because it was not finished by the 1st of November, is immaterial, since the jury have found there was no special contract to construct the hoisting machine at all, either before the first day of November or any other specified time.

The same is true with respect to the alleged error in the charge that the defendant was not entitled to consequential damages by reason of the work not having been well done, or the machinery put in proper condition. The jury have found that the work was well done, and so the defendant could not have been prejudiced by the charge.

And so, too, as to the defendant's claim of damage because of the change made and expenses incurred in preparing his building to receive the hoisting machine. The jury have said there was no special contract, or warranty, or representation on the part of the plaintiffs, with respect to the machine.

And the same observations apply to the questions overruled, or testimony offered by the defendant himself as a witness, and by the witness Hayden. The question put to the defendant

was for the purpose of eliciting testimony as to the expense incurred in fitting up the building for use with the hoisting machine. That to Hayden was upon the supposition that the work had been improperly done by the plaintiffs, and was designed to obtain from him an opinion whether it was worth more or less than it would have been if properly done. The jury have determined, after hearing all the evidence, that the work was properly done; and that ends the controversy. It was at most a mere opinion which was sought from the witness, upon a question of fact of which the jury were the judges, and equally well qualified to speak after listening to the testimony, and was therefore of doubtful propriety. That witness and all others were allowed to testify to every fact within their knowledge. It was the province of the jury, under the charge of the court, to draw inferences or state conclusions from the facts proved, and not for the witnesses to give opinions upon matters of the kind not involving professional skill or peculiar knowledge or experience in their determination.

*By the Court.*—The judgment is affirmed.