————o————

JAMES F. McADOW, Respondent, *vs.* D. M. Ross, *et al.*, Appellants.

1. *Practice, civil—Pleadings—Counter-claims.*—A. sued B. and C. on mechanic's lien for material furnished for B's house under a contract with C., the contractor for building. B. in his answer, denied all knowledge of A's furnishing any materials, and denied that A. gave him any notice of his lien ; then as a counter-claim B. alleged, that A. guaranteed that C. should build the said house in a workmanlike manner, and complete it by a certain date, and asserted that neither condition was fulfilled, and claimed damages for their breach. *Held,* that this defense was admissible in this suit as a counter-claim, and was not inconsistent with the prior defenses.

Law of counter-claim and set-off reviewed *in extenso.*

*Appeal from the Jackson Circuit Court.*

*Wm. Douglas,* for Appellants.

I. The counter-claim here pleaded, arose "out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim," and was "connected with the subject of the action." (W. S., 1016, § 13.)

*A. A. Tomlinson,* for Respondent.

The two defenses are inconsistent. The first is a denial of every allegation in the petition necessary to constitute a cause of action. The second is a confession and avoidance. (Adams vs. Trigg, 37 Mo., 141; Fugate vs. Pierce, 49 Mo., 441.)

The counter-claim was properly stricken out. 1st. There was no mutuality of indebtedness between plaintiff and defendant Smallwood.

2d. The damages were unliquidated, and could not be pleaded as set-off. (W. S., 1273; Johnson vs. Jones, 16 Mo., 494; Mahan vs. Ross, 18 Mo., 121; Pratt vs. Menkins, *Ibid.* 158; Brake vs. Corning, 19 Mo., 125.)

Vories, Judge, delivered the opinion of the court.

This action was brought to enforce a mechanic's lien.

The petition charges, that the defendant Ross is indebted to plaintiff in the sum of $79.32, for materials furnished by plaintiff to said Ross, the particulars of which are filed : that said materials were furnished for a house erected under a contract with said Ross, (describing the house and lot on which it is situate) ; that said Ross was the contractor of defendant Smallwood for the erection of said house, for which the materials were furnished, and that said Smallwood was the owner and proprietor of said house and lot ; that the indebtedness accrued on the 18th day of November, 1867 ; that on the 4th day of January, 1868, plaintiff gave notice to said Smallwood, that he held this claim against said property, setting forth the amount and from whom due ; that on the 17th day of March, 1868, plaintiff filed with the clerk of the Circuit Court of Jackson County, a just and true account of the demands claimed after all just credits had been given, and a true description of the property on which the lien was intended to apply, with the names of the contractor and owner of the property, which was verified by the oath of plaintiff ; a certified copy of all which was filed with the petition.

Judgment is then prayed against said defendant, Ross, for the amount of the account and interest, and that plaintiff's lien be enforced against the property named, &c.

The defendant Smallwood appeared and filed his demurrer to the petition, which being overruled, he by leave of the court filed an answer.

In his answer he says, that he has no knowledge, or information sufficient to form a belief, as to whether the plaintiff furnished the timber sued for or not. He denies, that plaintiff ever, at any time, gave him notice of his claim against Ross, as stated in the petition, and denies that plaintiff's claim was filed in the clerk's office as directed by the statute.

The defendant then, for a further answer and counter-claim, states, "that on the 29th day of Oct. 1867, he and said D. M. Ross entered into a contract in writing, which is herewith

filed, whereby the said Ross promised and agreed to build for this defendant a house of the dimensions in said contract specified, and which was to be finished by the 25th day of Nov. 1867, in a good and workmanlike manner, and that plaintiff guaranteed in writing, that said Ross should perform and complete said contract according to its said terms, and which is the same house mentioned in the petition, and which guaranty is herewith filed; that this defendant accepted said guaranty, and plaintiff had due notice of said acceptance; that said Ross did not keep nor perform his said contract, but made breach thereof, in that said house was not completed on said 25th day of November, 1867, nor until one month afterwards, whereby defendant was damaged in the sum of fifty dollars, and that the plastering of said house was not put on in a good and workmanlike manner, nor was it done at the time it ought to have been done, but on the contrary, said plastering was put on in so unskillful and unworkmanlike manner, and at a time when it froze, so that all of it fell off, and defendant was compelled to and did employ other persons to put on new plastering, at a great cost, to-wit: at the cost and expense of one hundred and fifty dollars, by reason whereof, defendant says he is injured, and has sustained damage to the amount of two hundred dollars, for which he asks judgment."

The second defense or counter-claim set up by the answer and above copied, was on the motion of the plaintiff stricken out. The grounds of the motion to strike out this counter-claim were, 1st. That it constituted no legal defense to the action, and was inconsistent with the previous defense set up in the previous part of the answer. 2nd. The liability of the guarantor is contingent, and cannot be pleaded as a set-off. 3rd. There is no mutuality of indebtedness between plaintiff and defendant Smallwood.

The court sustained this motion, and struck out from the record said part of said answer, and the defendant excepted.

A trial was afterwards had and judgment rendered against the defendant Ross, for the debt named in the petition, and subjecting defendant Smallwood's house, named in the petition, to sale for the payment of the judgment.

The defendant, Smallwood, then filed his motion for a new trial for the following reasons: 1st. The court erred in striking out part of defendant's answer, and because the court erred in refusing to declare the law to be as asked for by the defendant.

This motion being overruled, the said defendant excepted, and has appealed to this court.

The only matter complained of by the appellant in this court is, that the court below erred in striking out the counter-claim pleaded by defendant Smallwood, which constituted the second ground of defense on the part of said defendant. It is insisted by the respondent, that this second defense or counter-claim, set up by the defendant, is inconsistent with the first part of the answer, and therefore properly stricken out. " The defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable or both." (Wag. Stat., 1010.) It is further provided, that "different consistent defenses may be separately stated in the same answer." The question now is, is this counter-claim set up by the defendant inconsistent with the former averments in the answer within the meaning of this statute? I think it is not. The answer first states, that the defendant has no knowledge, or information sufficient to form a belief, as to whether the material mentioned in the petition was furnished by plaintiff to the said D. M. Ross; and then the answer denied, that plaintiff at any time gave notice to defendant, that he held said claim against said property. Can these allegations, and the allegations made in that part of the answer stricken out, both be true? If they can, they are not inconsistent within the meaning of the statute; that they may both be true, does not admit of an argument; there is nothing inconsistent in the fact, that plaintiff did not give the defendant notice of his claim, or that he never furnished the lumber charged for, and the fact that plaintiff guaranteed, that the work to be done in building the house should be well done and done in the time specified; both of these facts may be lit-

erally true. This question has been fully discussed and decided in the case of Nelson vs. Brodhack, 44 Mo., 596. The learned judge, delivering the opinion in that case, says, that the technical rule, which supposed that such special defenses confessed and avoided, when in fact they did not confess at all, should not be adopted in such cases. This case is not like the facts of the case in Fugate vs. Pierce, 49 Mo., 441. In that case the two positions maintained by the defendant were perfectly irreconcilable, and could not both stand together, and were clearly within the prohibition of the law. It is next insisted by the respondent, that the matter set up in this answer as a counter-claim fails to show any mutuality of indebtedness between the plaintiff and the said defendant, and that it was therefore properly stricken out. The respondent seems to make no distinction between what is denominated a set-off under our statute, and a counter-claim. It is provided by the first section of Ch. 125, Wag. Stat., 1273, that, "If any two or more persons are mutually indebted in any manner whatever, and one of them commence an action against the other, one debt may be set-off against the other, although such debts are of a different nature." Now it is admitted, that this statute only permits a set-off to be pleaded where there are mutual debts, and under its provisions unliquidated damages could not be set off against one, who brought suit to recover on a demand against the other; but the statute, authorizing counter-claims to be set up by a defendant, is very different. The statute in such case is specific, and it seems that but little room is left to misunderstand its provisions or meaning. By the 12th and 13th sections of Ch. 5 of the statutes of this State (Wag. Stat., 1015, 1016,) it is provided as follows: "The answer of the defendant shall contain: First, a special denial of each material allegation of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; second, a statement of any new matter constituting a defense or counter-claim, in ordinary and concise language without repetition."

Second—" The counter-claim mentioned in the last section

must be one existing in favor of the defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the following causes of action : First, a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action ; Second, in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action." By these two sections it will be seen, that it is not required that a counter-claim should be a liquidated demand, nor is it required that there should be any mutual indebtedness existing between the parties, but if the cause of action shall arise out of the contract, or transaction set forth in the petition as the foundation of the plaintiff's claim, or is connected with the subject of the action, it will be a good counter-claim, whether the damages claimed are liquidated or not. The first question to be considered is, could a several judgment be rendered upon this counter-claim against the plaintiff in this case, and in favor of the defendant. It requires no argument to show, that the defendant could have a several judgment against the plaintiff on this guaranty, if his case were made out by evidence. There is the breach of this guaranty, set up by the defendant as a counter-claim connected with the subject of the action. The subject of the action, so far as it concerns the plaintiff and the defendant Ross, is the material furnished to Ross, to recover for which the suit is brought; but as between plaintiff and defendant Smallwood, the subject of the action is the lien attempted to be enforced against Smallwood's house, growing out of the fact that the plaintiff has furnished material, which has been used in the building of the house, and the very house that the plaintiff has guaranteed shall be well built and constructed by a time named in the contract guaranteed by the plaintiff. Now the plaintiff has bound himself by his contract of guaranty, that this house shall be completed by the 25th of November, in a good and workmanlike manner and has furnished part of the material to be used

in the erection of the house; has sued for this material; is asking for a judgment authorizing the sale of the house, which he agreed should be completed, but is not; and shall it be said that this defendant must have his house sold to pay for the lumber that has gone into its construction, and afterwards bring an action against the plaintiff to recover damages for the failure to complete the very house sold by plaintiff? It seems to me, that this is one of the cases intended to be covered by the language of the law, that is, this counterclaim is "connected with the subject of the action." As before stated, the subject of the action, as it affects Smallwood, is the material furnished by plaintiff, and used in the erection of the house belonging to Smallwood, which creates the lien on the house, in the erection of which the material was used. The counter-claim grows out of the failure to properly erect and finish the very house, in which the material was used, for which the lien is attempted to be enforced. Hence, while the counter-claim does not arise out of the contract, or transaction, set forth in the petition as the ground of action as against defendant Ross, it is connected with the subject of the action, so far as it is attempted to sell the house by virtue of the mechanic's lien. (Jones vs. Moore, 42 Mo., 413.) In the case here referred to, Judge Holmes, in delivering the opinion of the Court, refers to Tiffany & Smith, New York Practice, for a definition of what constitutes a counterclaim, under a statute in the exact language of our statute on the same subject. It is there stated, that a counter-claim "may be set up, where it is a cause of action arising out of the contract, or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or is connected with the subject of the action, or in case the cause of action in the complaint arises on contract, then any other cause of action, also arising on contract, and existing at the commencement of the action in favor of the defendant and against the plaintiff, may become the subject of a counter-claim." This to my mind is the only proper construction of the statute. The first clause, in the section referred to, embraces cases where the

counter-claim arises out of the contract or transaction set forth in the petition, or where the counter-claim is connected with the subject of the action; in such cases it makes no difference, whether the damages claimed by the counter-claim are liquidated damages or not. If the claim be for a debt or damages growing out of the subject of the action, or arise out of the transaction set forth in the petition as a ground of action, it is enough. The second clause of the statute provides for cases where the plaintiff's action arises exclusively upon a contract, in which case a cause of action arising also on contract in favor of the defendant and against the plaintiff, which existed at the commencement of the action, may be set up as a counter-claim in the action. It is true, that the learned judge, in his opinion in the case of Jones vs. Moore, above referred to, seems in his argument to hold, that the cause of action must not only arise out of contract to be set up as a counter-claim in an action founded upon contract, but that it must also grow out of the same transaction; but it was not necessary to consider that point in the case then under consideration, and the learned judge evidently inadvertently confounded the two clauses in the section of the statute referred to. The statute is plainly the other way, and has been so construed by the courts of New York, where the construction of these clauses of the statute seems to have been well considered. (Tiff. & Sm. N. Y. Pr., 378 and cases there cited; Curtis vs. Barnes, 30 Barb. N. Y. R., 225.) In this last case the parties mutually submitted a matter to arbitration, and bonds to abide the decision of the arbitrators were mutually executed and delivered, and after the hearing had been commenced, but before the same had been completed, one of the parties revoked the submission, and brought an action against the other party to recover the claim so submitted. It was held, that in such case the defendant may recover, by way of counter-claim, the damages sustained by him by reason of the revocation of the submission. It will be seen, that the damages in the case above stated were wholly unliquidated, but were still admitted as

McAdow v. Ross, et al.

a counter-claim. The cases referred to by the plaintiff are all cases where the matter set up by the defendant had been set up as an off-set, or was wholly considered under the law concerning off-set, which is very different from the law authorizing a counter-claim. The law, authorizing one debt to be set off against another, requires the debts so set off to be mutual debts existing between the parties, which excludes the idea of unliquidated damages, and is altogether different from a counter-claim, each defense being governed by the particular statute relating thereto. (Spencer vs. Babcock, 22 Barb., 326 ; N. Y. Pr., 379, above referred to.)

In the case under consideration, if the action as against defendant Smallwood is to be considered an action founded on the contract by which the lumber and material was sold to Ross, then Smallwood can by the statute set up as a counter-claim any cause of action also growing out of a contract, which existed at the commencement of the action, in his favor and against the plaintiff. If on the other hand the cause of action, as against defendant Smallwood, grows out of the remedy given plaintiff by the statute to enforce a lien against the property, because the plaintiff has furnished material, which has been used in the erection of, and now constitutes a part of, Smallwood's house, then as the counter-claim is for a breach of the contract to build or erect the same house, it is connected with the subject of the action, and in either case may be pleaded as a counter-claim, or defense as counter-claim to the action.

The counter-claim in this case was not pleaded with as much certainty and particularity of averment as is desirable in technical pleadings, but we think it is in substance good, and ought not to have been stricken out. The judgment will therefore be reversed.

Judges Adams and Napton not sitting, the other Judges concurring, the judgment will be reversed and the cause remanded.