THOMAS CHANDLER AND FRANKLIN TAYLOR v. TIMOTHY V. CHILDS.

*Recoupment in actions of tort—Assumpsit on purchaser's representations.*

Recoupment of damages may be had in actions of tort.

Courts must see that defendants are not prejudiced by plaintiffs' choice of one form of action rather than another.

Where a vendor has been induced by the purchaser's representations to receive in part payment a mortgage which he afterwards found to be unavailable, it was *held* that assumpsit would lie upon the purchaser's representations, as well as an action of tort for fraudulent statements.

Case made from Osceola. Submitted October 24. Decided October 30.

TRESPASS ON THE CASE. Plaintiffs had judgment below.

*D. E. Corbitt* for plaintiff. Recoupment cannot be claimed unless defendant's claim arises out of the same cause of action as supports the plaintiff's suit, *Hubbard v. Rogers*, 64 Ill., 434; *Walker v. McCoy*, 34 Ala., 659; in an action for the wrongful conversion of the proceeds of goods, a counter claim is inadmissible, *Scheunert v. Kaehler*, 23 Wis., 523; there can be no recoupment of unliquidated damages in cases of tort, *Hall's Appeal*, 40 Penn. St., 409; there have been instances of actions of trover for the conversion of goods in which defendant was allowed to recoup certain liens that they had on the same goods for repairs, etc., (*Stow v. Yarwood*, 14 Ill., 424) on the ground that the plaintiff should be allowed to recover only the amount of his interest, *Longstreet v. Phile*, 39 N. J., 63.

*W. H. Palmer* and *Beardsley & Judkins* for defendant. A defendant in an action based on fraud may recoup damages which he has sustained through the plaintiff's fraud, *Carey v. Guillow*, 105 Mass., 18: 7 Amer., 494;

*Coulter's Case,* 5 Rep., 30; Sedgwick on Damages, 549; in assumpsit on an implied warranty, a defendant can recoup his damages arising out of plaintiff's fraud, *Harrington v. Stratton,* 22 Pick., 510; *Van Epps v. Harrison,* 5 Hill, 63; *Burton v. Stewart,* 3 Wend., 236; *Beecker v. Vrooman,* 13 Johns., 302; *Sill v. Rood,* 15 Johns., 230; *Fisk v. Tank,* 12 Wis., 276; *Ketchum v. Wells,* 19 Wis., 25.

COOLEY, J. The question involved in this case is one of recoupment.

In June, 1877, the plaintiffs, who reside at Indianapolis, Indiana, sold to the defendant a saw-mill at the price of $550, and received in part payment therefor a real estate mortgage made by one Chase, conditioned for the payment of $270. They attempted to foreclose this mortgage, and Chase made the defense of infancy, and succeeded in establishing it and defeating the suit. Plaintiffs then brought the present suit, which counts on fraud in the defendant in representations which he made to induce them to take the mortgage. They claim as damages the amount of the mortgage and the costs of the attempted foreclosure.

In defense it is shown that the mill which was sold to defendant was not as was represented : that it was a second-hand mill, though represented to be a new one, and that its value is much less than it would have been if the assurances of the plaintiffs respecting it had been true. He therefore asks to recoup the damages suffered by him by reason of the mill not being as was represented, from any damages established by the plaintiffs. This defense is objected to; the plaintiffs insisting that in an action of tort it is not admissible to complicate the issue by the proof of another tort, thereby in effect offsetting one wrong against another. *Odom v. Harrison,* 1 Jones (N. C.), 402.

There is no doubt that such a defense complicates the issue to an extent that is undesirable, and that must tend to confuse the jury by directing their attention in

42 MICH.—17.

the same case to two distinct frauds, the evidences of
which, though they both occurred at the same time,
must be gathered separately.    The nearer the contro-
versy is to being single and distinct, the more likely is
the jury to deal with it with full intelligence and justice.
But successive suits to adjust the equities of a single
business transaction are also attended with serious evils,
and the rule that permits them all to be considered
together is an old one, and is no doubt wisest and best.

  ·  No one questions the rule when the plaintiff sues in
assumpsit.    In this State, indeed, it is recognized by
statute, and the benefits of recoupment are so far
extended as to entitle the defendant to recover the bal-
ance when the damages proved by him exceed the
demand established in favor of the plaintiff.    Comp. L.,
§ 5802.    In *Ward v. Fellers*, 3 Mich., 281, 288, the
applicability of recoupment to actions of tort was recog-
nized, as indeed it has been generally elsewhere.    But
in cases of tort the damages which the defendant has
suffered must often spring from some wrongful conduct
of the plaintiff in the transaction on which he founds
his action, and the controversy is not necessarily more
complicated by reason of the defendant's damages sound-
ing in tort rather than in contract.    In either case there
would be two distinct causes of action.    *Thompson v.
Richards*, 14 Mich., 172.

  It must be borne in mind that forms of action are
to a large extent left to the discretion of the party bring-
ing suit.    This imposes upon courts the duty to see
that the defendant is not prejudiced by one form being
chosen rather than another.    In the case now before us
the plaintiffs might have sued in assumpsit, upon the
defendant's assurances respecting the mortgage; and had
they chosen that form of action the right to recoup
would probably not have been questioned.    But the
issues would have been as much complicated then as
now; they would have been tried on the same evidence,
and the jury must have found the same facts with the

single exception that they need not have found that the defendant knew his representations to be false. But the *scienter* is commonly an inference from other facts, so that the case of the plaintiffs would probably have been made out in assumpsit on exactly the same evidence as now. The defense would also have rested on the same proofs and have been supported by the same considerations. There seem, therefore, to be no reasons for excluding recoupment in cases of tort that do not apply with nearly equal force in cases of contract. It is always objectionable to make a substantial defense depend upon the form of action the plaintiff may have chosen to adopt, and we agree with the Supreme Court of Massachusetts that recoupment is as applicable in cases of tort as in cases of contract. *Carey v. Guillow,* 105 Mass., 18.

The judgment must therefore be affirmed with costs.

The other Justices concurred.