## RITCHIE v. HAYWARD *et al., Appellants.*

1. **Counter-claim** : "TRANSACTION" DEFINED. The term "transaction" as used in the code definition of counter-claim, (R. S. 1879, § 3522,) includes all the facts and circumstances out of which the injury complained of by plaintiff arose. If these facts and circumstances also furnish to the defendant a ground of complaint, or cause of action against the plaintiff, the defendant will be entitled to present such cause of action as a counter-claim, showing by proper averments that it is a part of the same transaction which is made the foundation of plaintiff's claim.

2. ———. Where the "transaction" originated in a contract, the defendant may plead a breach of the contract by way of counter-claim, though the plaintiff's action is in tort.

*Appeal from Hannibal Court of Common Pleas.*—HON. JOHN T. REDD, Judge.

REVERSED.

*James Hayward* for appellants, cited R. S., § 3522; Pomeroy on Remedies, (1 Ed.) 756, § 737; Ib., 784, § 764; Ib., 810, §783; Ib., 793, §770; *Woodruff v. Garner*, 27 Ind. 4; *Glenn & Hall Manfg. Co. v. Hall*, 6 Lans. 158; *Tinsley*

*v. Tinsley,* 15 B. Mon. 457; *Xenia Bank v. Lee,* 7 Abb. Prac. 389; *Chamboret v. Cagney,* 2 Sweeny (N. Y.) 378; *Thompson v. Kessel,* 30 N. Y. 383; *Gordon v. Bruner,* 49 Mo. 570; *Bitting v. Thaxton,* 72 N. C. 546; *Starbird v. Barrons,* 43 N. Y. 200.

*Geo. M. Harrison* for respondents, cited *Scheunert v. Kaehler,* 23 Wis. 523.

Hough, J.—This was a suit to recover the value of 600 gunny sacks alleged to have been wrongfully converted by the defendants to their own use. The defendants admitted that the sacks came into their possession, and that they had not returned the same, and set up by way of counter-claim that the plaintiffs, at the time named in the petition, agreed to sell and deliver to the defendants, on board a steamboat at Muscatine, Iowa, for transportation to Hannibal, Mo., which was then the defendants' place of business, 1,046½ bushels of choice peach-blow potatoes in gunny sacks, at the price of sixty cents per bushel, the said sacks to be returned by the defendants to the plaintiffs; that, in consideration of said agreement, and relying upon the honesty and good faith of the plaintiffs, the defendants then and there paid to the plaintiffs, in advance, the sum agreed to be paid for said potatoes, to wit: $627.90; that the potatoes delivered by the plaintiffs under said contract were much inferior in quality to the potatoes paid for and agreed to be delivered, and were delivered in the same sacks, to recover the value of which the present suit was brought; that, by reason of the failure of the plaintiffs to comply with their contract, the defendants had been damaged in the sum of $141, for which sum they prayed judgment.

That portion of the defendants' answer setting up a counter-claim was, on motion, stricken out by the court, on the ground that a counter-claim founded upon contract could not be pleaded to an action founded on a tort. This ruling of the court has been assigned as error. The

counter-claim allowed by statute must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action : First, a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action; second, in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action.   R. S., § 3522.

The counter-claim pleaded by the defendants, if it be such as the statute recognizes, must fall within the first class.  If the facts stated by the defendants be true, they certainly have a cause of action against the plaintiffs. It is not, however, a cause of action arising out of any contract set forth in the petition, for no contract is therein set forth.   The facts set forth in the petition are that the defendants came to the possession of certain sacks belonging to the plaintiffs and wrongfully converted them to their own use.   These facts constitute in a legal sense a "transaction," which is a more comprehensive term than "contract." *Xenia Bank v. Lee*, 7 Abb. Pr. 372.   The details of the transaction, the evidential facts, are not stated, but the ultimate facts only, those which will entitle the plaintiffs to relief, when established by other facts proved at the trial.   It is plain, however, that the word "transaction" as employed in the code cannot be restricted to the simple statement of the wrong complained of by the plaintiff, for it would seem to be impossible that a cause of action could accrue to the defendant out of an injury inflicted by him upon the plaintiff.   It must be held to include, therefore, all the facts and circumstances out of which the injury complained of by him arose, and if these facts and circumstances also furnished to the defendant a ground of complaint, or cause of action, against the plaintiff, the defendant will be entitled to present such cause of action as a counter-claim, showing by proper averments that it is a

part of the same transaction which is made the foundation of the plaintiff's claim. In this view of the case, it is immaterial what form of action is adopted by the plaintiff. As is said by Mr. Pomeroy in his treatise on remedies, "Whenever the facts are such that an election is given to the plaintiff to sue in form either for a tort or on contract, and if he sues on contract the defendant may counter-claim damages for the breach of that contract, the same counter-claim may also be interposed when the suit is in form for the tort; the facts being exactly the same in both phases of the action, counter-claim would clearly arise out of the real transaction which was the foundation of the plaintiff's demand." § 788. Had the plaintiffs sued on the contract set up by the defendants, no possible objection could have been made to the defendants' counter-claim. The statute, in our opinion preserves their right to set it up, although the plaintiffs have elected to sue for a conversion of the sacks, and not for a breach of the contract to return them. *Vide McAdow v. Ross*, 53 Mo. 199. The judgment will be reversed, and the cause remanded. The other judges concur.