EMERY v. THE ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY, *Appellant.*

1. **Recoupment**: COUNTER-CLAIM: JUSTICE'S COURTS. In an action before a justice the defendant may recoup on account of any liability, whether in contract or tort arising out of or connected with the demand sued on, which goes to abate or reduce the amount claimed, by showing a partial failure of consideration, or that the damages are not as great as claimed by plaintiff. This is strictly a defensive recoupment and the justice has jurisdiction to entertain it, if he

## 340  SUPREME COURT OF MISSOURI,

has jurisdiction of the plaintiff's demand to which it is an incident. But if the defendant asks to recoup on account of a cause of action existing in his favor, which admits the value and amount of the plaintiff's demand and assumes to oppose it by showing damages in his favor on this other cause of action, equal to or in excess of the plaintiff's demand; the court cannot entertain it by way of recoupment or counter-claim, unless it has jurisdiction to entertain the cause of action, upon which the cross damages are claimed. If the real character of the cross demand is such that the justice could not entertain jurisdiction of it, if the defendants were suing upon it, then he certainly cannot entertain it, when asserted by a defendant before him, however close it may appear to be connected with plaintiff's cause of action. Neither can the true character of the cross demand be changed by the defendant declining to ask judgment for any possible excess in his favor.

2. ————: ————: CASE ADJUDGED. In an action before a justice of the peace upon an account for work and labor, the answer did not dispute the plaintiff's demand, but alleged damages to an engine, caused by plaintiff's negligence, in an amount exceeding the value of his services, and prayed that such damages to the extent of $90 might be recouped from plaintiff's demand, which was for a like amount, and asked judgment for costs. Upon the trial it was proven that all plaintiff's labor was performed by him while working under defendant's bridge carpenter, with the exception of one night's work in watching an engine, to which he had been specially detailed by one of defendant's master mechanics with the consent of the carpenter and with the understanding that he was to receive therefor credit for one day's work, and during this night the injury to the engine occurred. The trial court allowed the defendant its claim in reduction of damages to the extent of $50; a justice of the peace under the statute then in force, (2 Wag. Stat., p. 808, § 3,) having jurisdiction in cases of injury to personal property wherein the damages claimed did not exceed that sum. On appeal from this judgment, *Held*, that the injury to the engine was in no way connected with plaintiff's labor under the carpenter, and should not have been allowed in reduction of the value of his services beyond the value of the night's work upon the engine; that the defense set up should have been regarded as a cross action in tort for damages to personal property to the amount of $90, and that, so regarded, it exceeded the jurisdiction of the justice, and ought to have been dismissed or ignored in both the lower courts. *Held*, also, that the allowance of the counter-claim was an error against plaintiff, only, the respondent in this court; and that defendant by urging and receiving the benefit of such claim to the extent of $50 could not complain if it had lost the remainder by its own fault.

*Appeal from Lewis Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

AFFIRMED.

*Geo. F. Hatch* and *Geo. W. Easley* for appellant.

Conceding that the code has no application to suits before justices of the peace, and that no affirmative relief can be sought in defenses of the character here set up, this case must still be reversed, for no affirmative relief was asked. No good reason can be assigned for saying to a defendant, you have sustained damages to a greater amount than your adversary sues you for, but he has sued you in a court that restricts you to defending beyond the sum of $50, and notwithstanding you are willing to surrender your claim in excess of his demand, and ask nothing therefor, we will let you have the benefit of your damages proven to the amount of $50, bar the remainder of your claim and give judgment against you. This would greatly multiply suits unnecessarily.

*A. D. Lewis* and *N. Rollins* for respondent.

The recoupment set up by defendant grows out of alleged injuries to personal property and exceeds $50. 2 Wag. Stat., 808, § 3; *Webb v. Tweedie,* 30 Mo. 488; *Dillard v. St. L., K. C. & N. R'y Co.,* 58 Mo. 69; *Spencer v. Vance,* 57 Mo. 427.

MARTIN, C.—This was an action for work and labor, commenced before a justice of the peace of Lewis county in November, 1876. The statement of the plaintiff, after being amended by leave of court, was in the form of an account specifying the number of days for which he claimed wages at the rate of $2 a day, and containing a credit for board, concluding with a balance in favor of plaintiff in the sum of $90. The defendant filed an answer to the original

statement, which, according to a recital in the justice's transcript, consisted of a counter-claim in part. This counter-claim was stricken out on motion of plaintiff's attorney, for the reason that it exceeded the jurisdiction of the justice. This original answer was withdrawn by leave of court, and permission given defendant to file an amended answer. A motion requiring defendant to re-file the original answer, was overruled. It is not included in the record of the case.

The amended answer consisted of two parts. In the first, the defendant denied that it was a' corporation, or that it was liable to be sued as a corporation, or body corporate, or as an individual or person in law. In the second part of the answer the defendant pleads, that in the performance of the work and labor for which plaintiff sues, it was implied in the law, understood and agreed, that plaintiff should perform such labor with reasonable skill, care and diligence ; that he failed to use reasonable skill, care and diligence, but on the contrary, performed said labor in such a careless, unskillful and negligent manner, that by reason of the said carelessness, unskillfulness and negligence, the engines, cars and tools of defendant, then in the keeping and under the control and management of plaintiff, suffered great loss, damage and injury in the sum of $90, and in a greater amount than all the value of plaintiff's services. The answer concludes with a prayer that the sum of damages and injury sustained by defendant by reason of the said careless, unskillful and negligent services, acts and conduct of the plaintiff, be recouped and deducted from the sum claimed by plaintiff, and that defendant have judgment for costs.

It will be observed that there is no denial of the plaintiff's cause of action in the answer, either as to the fact of the labor rendered or its value. The plaintiff filed a motion to strike out this claim of recoupment, and it was sustained by the justice to the extent of reducing the counter demand to $50. On trial before the justice a verdict

was rendered in favor of plaintiff in the sum of $34.50, from which an appeal was taken to the circuit court by defendant. The plaintiff in that court renewed his motion to strike out the second part of defendant's answer. This motion was overruled, and the case was tried by the court without the intervention of a jury. When the case came up for trial in the circuit court, the defendant admitted the plaintiff's account, as presented in his petition below, to be correct, and asserted the right to prove the matters set out in his answer, as holding the affirmative of the issues on trial.

From the evidence in the record, it appears that the plaintiff was a workman for defendant at Alexandria, under the charge of one Graham, a bridge carpenter for defendant; that in the month of September, 1876, one Gorham, a master mechanic, reported to Graham that he was ill and had no watchman for his engine that night, a construction engine he had been using; that Graham informed him that he had in his employ the plaintiff, who had at Canton and other places been a "hostler" of engines; the duty of such a person was to take charge of engines as soon as they arrived, take them to the round-house and to prepare them in readiness to go out again; that the plaintiff was hunted up and introduced to Gorham, who told him what he wanted done, telling him that there were three gauges of water in the engine, and not to move the engine at all, and to have it ready by five or six o'clock in the morning; that plaintiff was seen the next morning at six o'clock; that he seemed intoxicated; that the engine was badly smashed up, the pilot and front end torn off, and one flat car pretty badly broken; that it appeared the engine had been run into the cars, with such rapidity and force, that when the forward end of the engine ran under the car, the increased pressure on the trucks of the engine had bent both rails under them; that when asked how it happened, plaintiff remarked that he was pumping her up, and said that he supposed he would be discharged; that upon

taking charge of it, the plaintiff was to have credit for the night's work as for a whole day, and that he received such credit; that there was no necessity for moving the engine, as far as witness knew.

A machinist by the name of Ambrose testified that the damage to the engine was at least $100; that water is pumped into the boiler of some engines by running the engine forward and backward, on the track; into others by an injector; the defendant had four engines of the first class mentioned, and two of the latter class; that if the engine stopped at five o'clock in the afternoon with a hot fire in the furnace, and stood till five or six o'clock in the morning, with the fire left up, it might blow off steam so as to require pumping before using the next morning. No evidence was introduced by the plaintiff.

The defendant asked the court to declare that if, while the plaintiff was in the employ of defendant, and in charge of the engine, he, without authority, unnecessarily moved the engine on the track, and in so doing carelessly caused great damage to it, in an amount equal to the amount of plaintiff's wages, then the damage to the engine so occasioned by the carelessness or negligence of the plaintiff is the proper subject of recoupment in this case, and the verdict should be for defendant. This declaration of law was refused by the court. The case was taken under advisement and judgment was rendered for the plaintiff in the sum of $38 and costs. The defendant saved its exceptions and brought this appeal.

It will be seen from this statement that the court, in its judgment, conceded to defendant the benefit of its claim in recoupment to the extent of $50, and interest, and denied all advantage over that amount.

The counsel for defendant insist that the cross demand pleaded in their answer, was in the nature of a deduction or diminution of the plaintiff's claim of $90 for labor, and that it should have been entertained and allowed by the court to its full extent, under the name of a defensive re-

coupment. After considering the pleadings and evidence, I am unable to accept this view of the case.

The nature of recoupment and counter-claim has received the attention of the Supreme Court of this State in a line of concurring decisions, and it is unnecessary to review the law on the subject, any farther than an intelligent application of well settled principles may require it. *Grand Lodge v. Knox*, 20 Mo. 433; *Jones v. Moore*, 42 Mo. 413; *McAdow v. Ross*, 53 Mo. 199; *Ritchie v. Hayward*, 71 Mo. 560. The term "recoupment" was anciently applied to the right of deduction from the damages claimed by plaintiff on account of part payment, depreciation or partial failure of consideration, or some analogous fact. 1 Dyer (2 b.); *Coulter's case*, 5 Co. 31; Sedgwick on Dam., 431; *Barber v. Chapin*, 28 Vt. 413; *Grand Lodge v. Knox*, 20 Mo. 433; 2 Par. Cont. 246; Waterman Offset, 468. This right in modern times has been recognized under the name of deduction or reduction of damages, (*Hecksher v. McCrea*, 24 Wend. 304,) which is probably the more proper name for it; while the meaning of recoupment has been greatly enlarged and changed. 2 Par. Cont. 246. Pomeroy Remedies, § 733. In modern times the term "recoupment" has been extended and applied to cross demands existing in favor of the defendant, and arising out of the same contract or transaction upon which the plaintiff founds his action.

After reviewing the old cases in *Grand Lodge v. Knox*, Judge Leonard remarks: "The American cases, however, at least in New York, Massachusetts, Alabama, and some few other states, now go the full length of declaring that all matters of counter-claim arising out of the same transaction, and not technically the subject of set-off, can be set-off by way of recoupment of damages, provided the plaintiff has been properly apprized of the defense." The courts differ in their views as to how the cross demand must arise from plaintiff's claim, or be connected with it. In some states a strict construction has been adopted, while

in others a very liberal one prevails.   *Carey v. Guillow*, 105 Mass. 18 ; *s. c.*, 7 Am. Rep. 494; *Chandler v. Childs*, 42 Mich. 128 ; *Ritchie v. Hayward*, 71 Mo. 560.   The question in this case is not whether the defendant's supposed right of recoupment or counter-claim is so connected with the plaintiff's cause of action as to be properly asserted in this case ; but granting its sufficient connection with the cause of action, is it a defensive recoupment going merely to the depreciation of the consideration of the contract sued on, or is it a well defined cause of action for an injury to personal property, laid along-side of the admitted value of the plaintiff's services with the object of overtopping it in amount?

The growing principle of recoupment was recognized by the legislatures of many of the states, including our own, and under the name of counter-claim it was so enlarged as to give the defendant the benefit of the difference between his cross demand and the plaintiff's claim, when the excess should prove to be in his favor.   *Chandler v. Childs*, 42 Mich. 128.   The counter-claim of our Practice Act includes everything which in modern times goes under the name of recoupment proper, as well as much more ; for it extends to offsets and many cross actions not in any way connected with the plaintiff's demand.   Pomeroy Remedies, § 736 ; *Flesh v. Christopher*, 11 Mo. App. 483 ; *Gordon v. Bruner*, 49 Mo. 570 ; *Conner v. Winton*, 7 Ind. 523 ; *Pattison v. Richards*, 22 Barb. 146.   But no right of recoupment as understood in modern times, or counterclaim, can exist in the absence of a cause of action in favor of the defendant.   A cross action is always implied in its terms.   Pomeroy Remedies, § 733 ; *Carey v. Guillow*, 105 Mass. 18 ; *Clark v. Wildridge*, 5 Ind. 176 ; *Vassear v. Livingston*, 13 N. Y. 257 ; *White v. Reagan*, 32 Ark. 281.   When it falls short of constituting a cause of action, it belongs to the class of partial defenses in reduction or mitigation of damages, and ought to go by the name of reduction of

damages. Pomeroy Remedies § 733 ; *Moffet v. Sackett*, 18 N. Y. 522.

II. It is undoubtedly true that when the plaintiff sues for the price of labor the defendant is at liberty to recoup against his claim, any damages suffered through the negligence of the plaintiff whereby the value of the consideration was depreciated. *Eaton v. Woolly*, 28 Wis. 628 ; Pomeroy Remedies, § 732. It was in this class of cases, the modern use of the term recoupment was first recognized in England in a restricted sense. But in such cases it will be found that a valid cross action existed in favor of defendant, and in the use of it he was often confined to such damages as depreciated the value of the consideration.

Now it is clear to my mind that the injury complained of by defendant in this case, does not fall within the meaning of the term " recoupment" as anciently understood. It does not contain matter simply reducing the plaintiff's damages, or depreciating the consideration received by defendant for the promised wages. According to the plaintiff's account he was suing for 25½ days' labor in July, 23½ days in August, and four days in September. He was to receive a credit of one day's labor for the single night's work in watching the engine, for which he was specially detailed by Graham, the bridge carpenter. It does not appear satisfactorily that the night's labor in watching the engine was included in his account as one of the four days in September. But granting that one of the last four days in the account included this night's work, it is clear that all the balance of his demand is for labor rendered by him, while a laborer under Graham, the bridge carpenter. The defendant had received the full benefit of all his labor, before the plaintiff was specially detailed as a " hostler" to take care of the engine. The injury to the engine was in no way connected with the balance of this labor. No negligence can be imputed to him in respect to it, and the injury to the engine cannot in any fair sense of its connection with his services, be accepted in reduction or depre-

ciation of the value of his labor while helping the bridge carpenter. As a depreciation of the consideration, for which he sues in this case, it could not extend beyond the $2 which he was to be paid for the night's work in watching the engine.

But the claim in recoupment is not asserted for this limited purpose. The defendant admits of record that the plaintiff is entitled to these $2, if it is included in the account, as he unquestionably is to his labor under the bridge carpenter. The answer contains a well pleaded cause of action for injury to personal property, by reason of the negligence of the plaintiff. Whether you call this "recoupment" or counter-claim, it certainly is not in the nature of a defensive recoupment or counter-claim, in reduction of damages, by depreciating the value of the consideration received, or cutting down the damages claimed, because the services rendered were not as valuable as contracted to be. Whether the plaintiff sues for his wages or not, this cause of action exists in favor of defendant. It was a matter of choice with defendant, whether it should be prosecuted by being laid along-side of the plaintiff's claim for damages, or asserted in an independent action. In either case the effect would be the same.

I am unable to regard it in any other light than a cross action in favor of defendant to the extent of $90, at least, for an injury to the defendant's engine. Holding the relation of employe to the defendant on the night of the injury, the law, and not the contract, imposed the duty to be careful in all that he did ; negligence on his part was a violation of this duty, which resulted in an injury to the defendant's personal property, for which he is responsible in law to its full extent. It sounds in tort and is not in the nature of an action *ex contractu,* nor could it, as a cross claim, be measured by the consideration of the contract sued on by the plaintiff. Its true character cannot be escaped by pleading it in the form of an assumpsit, even though the defendant had attempted that. *Chandler v.*

*Childs*, 42 Mich. 128; *Carey v. Guillow*, 105 Mass. 18. I regard the defendant in this case as seeking to avail himself of the benefit of a modern recoupment or counterclaim, on account of a well defined cause of action for injury to personal property.

If our Practice Act relating to counter-claims applies to actions before justices, then this claim of defendant for $90, or more, for injury to the engine was clearly beyond the jurisdiction of the justice. It ought to have been dismissed or entirely ignored in both of the lower courts. The circuit court seems to have allowed it to the extent of $50 and interest. This was an error against the plaintiff, but he is not a complainant in error here. The defendant has no right to complain. After the court, by refusal of defendant's instruction, had indicated that the claim for $90 was beyond the jurisdiction governing such claims, the defendant ought to have dismissed it. By retaining it in court as pleaded, the defendant has received the benefit of one-half of it. If the other half is lost, it is his own fault. When cross demands are not within the jurisdiction of the court, the defendant is not entitled to the benefit of any part of them. *Almeida v. Sigerson*, 20 Mo. 497; *Reed v. Snodgrass*, 55 Mo. 180.

If the provisions in the Practice Act relating to counter-claims do not apply to practice before justices of the peace, which is probably true, (*Flesh v. Christopher*, 11 Mo. App. 483; R. S. 1879, § 3522,) and which seems to be conceded by defendant's counsel, then the defendant's counter-right must be supported, if at all, as a defensive recoupment, or mere right of reduction of damages. And as in the form in which it is pleaded and proved, it is clearly a cross action in favor of the defendant for an injury to personal property to the extent of $90 at least, and not the mere right of reduction of damages by reason of a depreciation of the consideration received by defendant in the labor sued for, it cannot be entertained without in sub-

stance entertaining a counter-claim sounding in tort, which is not authorized by law.

The conclusion I have reached may be briefly stated: In an action before a justice the defendant may recoup on account of any liability, whether in contract or tort, arising out of or connected with the demand sued on, which goes to abate or reduce the amount claimed, by showing a partial failure of consideration, or that the damages claimed are not as great as claimed by plaintiff. This is strictly a defensive recoupment, and the justice has jurisdiction to entertain it, if he has jurisdiction of the plaintiff's demand to which it is an incident. But if the defendant asks to recoup on account of a cause of action existing in his favor, which admits the value and amount of plaintiff's demand and assumes to oppose it by showing damages in his favor on this other cause of action, equal to or in excess of the plaintiff's demand, the court cannot entertain it by way of recoupment or counter-claim, unless it has jurisdiction to entertain the cause of action upon which the cross damages are claimed. If the real character of the cross demand is such that the justice could not entertain jurisdiction of it if the defendant were suing upon it, then he certainly cannot entertain it when asserted by a defendant before him, however close it may appear to be connected with plaintiff's cause of action. Neither can the true character of the cross demand be changed by the defendant declining to ask judgment for any possible excess in his favor.

The convenience and policy of having all cross demands settled in the same case, cannot justify the defendant in bringing a cross demand for settlement in a justice's court which has no jurisdiction of it, either because it sounds in tort, and exceeds the amount which limits the jurisdiction of a justice in such actions, or because no unliquidated counter-action can be entertained by a justice of the peace.

For these reasons, I am of the opinion that there is

no error in this record which the defendant has any right to complain of. Accordingly, the other commissioners concurring, the judgment is affirmed.