## JOHN DAVIDSON vs. SIMEON C. WHEELER.

When a plaintiff chooses to sue in tort which springs from a contract pleaded as inducement, the defendant may recoup by a counter claim growing out of the plaintiff's breach of that contract.

A. brought case for deceit against B. charging the latter with representing himself the owner of land which belonged to his wife, and thus inducing A. to do work and to furnish material for a house on the land.

*Held*, that B. could recoup by showing the poor quality of A.'s work.

A litigant surprised by evidence which he is not prepared to meet should ask the court for delay. If he allows the case to proceed to a verdict, he cannot after verdict against him have a new trial on account of the surprise.

PLAINTIFF'S petition for new trial.

*July* 25, 1891.　MATTESON, C. J.　This is an action of the case for deceit in procuring the plaintiff to enter into a contract to build a cellar and do the mason work in the construction of a house, and to furnish the labor and materials on credit. The alleged deceit consisted in the representation to the plaintiff by the defendant that the land upon which the house was to be built belonged to him, when, in fact, as the defendant well knew, it belonged to his wife. The case was brought and tried in the Court of Common Pleas, and resulted in a verdict for the defendant. The plaintiff now petitions for a new trial upon several grounds, three of which were urged at the hearing.

*First.* Because the court erred in its ruling, duly excepted to, permitting testimony to be put in on the part of the defendant as to the poor quality of the work done by the plaintiff. The plaintiff contends that the cause of action being the deceit practiced upon him, the question was what was the direct loss to him, and not what was the value of the labor and materials to the defendant; that the testimony excepted to tended to substitute an entirely different measure of damages, and was not properly receivable in *reduction* of the damages because, even assuming that he was in fault, it was matter which occurred after the cause of action accrued. We do not think the argument can be maintained. We do not understand that because the testimony tended to cut down the plaintiff's claim and thereby substitute a different measure of damages, or that it related to a matter which occurred after the plaintiff's cause of action accrued, rendered it inadmissible. The testimony was admitted for the purpose of enabling the defendant to set up in defence a claim which he made against the plaintiff for damages for the violation of the contract, in that the work done by the plaintiff was not in accordance with the contract; or in other words, to recoup from the damages claimed by the plaintiff the damages which the defendant claimed against the plaintiff. To permit this to be done, all that is required is that the defendant's claim should grow out of, or be connected with, the same transactions as the plaintiff's. It matters not whether it arises before or after the plaintiff's cause of action, if it be a part of the same transaction.

The purpose of allowing matters growing out of the same trans-action to be given in evidence by way of defence, instead of requiring a cross action to be brought, is to avoid circuity of action and multiplicity of suit. The tendency of modern judicial decisions is to permit this, when it can be done without a violation of principle or great inconvenience in practice. *Dorr* v. *Fisher*, 1 Cush. 271, 275. In *Stow* v. *Yarwood*, 14 Ill. 424, 427, it is said, " This doctrine of recoupment tends to promote justice and prevent needless litigation. It avoids circuity of action and multiplicity of suits. It adjusts by one action adverse claims growing out of the same subject-matter. Such claims can generally be much better settled in one proceeding than in several. It is not necessary that the opposing claim should be of the same character. A claim originating in contract may be set up against one founded in tort. . . . It is sufficient that the counter claims arise out of the same subject-matter, and that they are susceptible of adjustment in one action."

If the plaintiff had sued in *assumpsit* for the value of the labor and materials furnished, upon the theory that he was justified in abandoning the contract because of the alleged misrepresentation, we presume no question would have been made of the defendant's right to recoupment of his damages by reason of the imperfect work. We do not think that the plaintiff can debar the defendant from the exercise of this right by suing in tort for the deceit, in-stead of suing in *assumpsit*. *Stow* v. *Yarwood*, 14 Ill. 424, 427, quoted above. In *Cole* v. *Colburn*, 61 N. H. 499, it was held, that in an action on the case for deceit in an exchange of chattels, there may be a recoupment of the defendant's damages caused by the plaintiff's breach of warranty. To the same effect is *Carey* v. *Guillow*, 105 Mass. 18. In the latter case the court in its opin-ion says, p. 20 : " Here are mutual and adverse claims for damages growing out of one transaction. Each party sold to the other a chattel and took another chattel in payment. For misrepresenta-tions of the character alleged each party may generally sue in con-tract or tort. If the plaintiff had declared in contract, alleging that the defendant agreed that his horse was sound as far as he knew, knowing him to be unsound, it cannot be doubted, in view of the authorities cited above, that the defendant might recoup his dam-

ages. The fact that the plaintiff sues in tort does not complicate the matter. It is not more difficult, or less desirable, in such an action to have the whole litigation adjusted in a single suit." In *Barnes* v. *McMullin*, 78 Mo. 260, 274, the principle is recognized that in all these cases in which a tort has been suffered, and the law permits the sufferer to waive the tort and sue in *assumpsit*, and he prefers the latter, then a counter claim may be made arising under the same contract, and in *Kamerick* v. *Castleman*, 23 Mo. App. 481, 486, the converse of this proposition is laid down as equally correct; that where the actor elects to sue in tort springing out of a contract pleaded as inducement, the defendant should be allowed a counter claim growing out of the plaintiff's breach of that contract.

*Second.* The second ground urged for a new trial is because the verdict was against the evidence. The jury were not requested by either party to return their findings upon any special issues. Their verdict was a general verdict for the defendant. The only testimony in support of the alleged misrepresentation was that of the plaintiff. The representation was denied by the defendant. It is not improbable that the jury thought there was no preponderance of the evidence in favor of the plaintiff. Again, the testimony shows that the plaintiff had been paid $124 on account of the labor and materials furnished. There was a conflict of testimony as to the value of the labor and materials, and the jury may have thought that the amount received by the plaintiff was sufficient to cover the value of the labor and materials for which he claimed compensation. In either view the verdict of the jury was warranted by the evidence.

*Third.* The plaintiff petitions for a new trial on the ground of surprise. It was the duty of the plaintiff, if he was surprised by the admission of the testimony objected to and to the admission of which he expected, and was on that account unprepared with testimony to meet the testimony so admitted, to have applied to the court for delay, in order to enable him to have produced the required testimony, or such as was in his power. Instead of so doing he proceeded with the trial, taking the chance of a verdict in his favor. Having done so, and the verdict being against him,

it is now too late to urge that he was surprised as a ground for a new trial.   *Carr* v. *Gate*, 1 Curtis, 384, 386.

> *New trial denied, and petition dismissed with costs.*

*Harrison A. McKinney*, for plaintiff.

*Stephen A. Cooke, Jun.*, & *Louis L. Angell*, for defendant.