[No. 22595.  Department One.  October 29, 1930.]

NELSON COMPANY, *Respondent,* v. W. F. GOODRICH, *Appellant.*[1]

[1]Reported in 292 Pac. 406.

*Hovey & Anderson,* for appellant.

*Livingston B. Stedman* and *Lewis L. Stedman,* for respondent.

Tolman, J.—Respondent, as plaintiff, brought this action to cancel an executory contract for the sale of, and to quiet title to, certain real estate of which it claims to be the owner. The defendant answered by certain general denials and by an affirmative answer which set up a defense in the nature of an offset or recoupment. A demurrer was interposed and sustained to this affirmative defense, resulting in the judgment from which the defendant has appealed.

The gist of the situation which the complaint presents is that, on June 13, 1929, one Gustav Larson and his wife were the owners of the property described, and on that day they entered into an executory contract with the appellant Goodrich to sell to him the property upon the terms shown by a written contract of that date, which is made a part of the complaint. Thereafter, Larson and wife deeded the property to the respondent and assigned to it the executory contract, and it thereby became entitled to receive the payments accruing under the contract. Defaults are alleged to have occurred by the failure of the appellant to pay interest on a prior mortgage due December 3, 1929, amounting to $585, and the failure to pay an installment on the purchase price amounting to two hundred dollars, due December 13, 1929.

Notice of election to cancel the contract by reason of these defaults was served on December 28, 1929, and this action was commenced two days later. The contract pleaded is so far in the usual form that only one of its provisions need here be specially noted. That provision reads:

"The purchaser agrees that full inspection of said

described premises has been made and that neither the seller nor assigns shall be held to any covenant respecting the condition of any improvements on said premises nor to any agreement for alterations, improvements or repairs, unless the covenant or agreement relied on be in writing and attached to and made a part of this contract.''

The affirmative answer to which the demurrer was sustained, so far as material to the present question, reads:

''That Gustav Larson, mentioned in said complaint, is a builder and contractor and had just finished the construction of the building upon the land described in said complaint at the time defendant entered into the contract therein mentioned.

''That prior to entering into said contract the said Larson represented to this defendant that the said building was well constructed and was a first class job in every particular. The defendant is a photographer by occupation and has had no experience in erecting buildings and relied upon the representations of the said Larson as to the condition of the said building and the same were the inducements which caused defendant to enter into said contract.

''That the said building was not well constructed but has many defects which either could not be discovered at all or which were not apparent to a nonexpert purchaser.

''That the ground floor of said building consists of two storerooms with a hall between for access to the upper floors. That the joists on the first floor are not sufficiently close together and there are no headers for the purpose of supporting the partitions and the second floor of the building, and as result of such lack the floor of the second story has sagged during the short time the building has been constructed.

''That the ground floor of said building is also insufficiently supported and has sagged where the same is composed of timber.

''That the front portion of the ground floor of said building is of concrete laid on dirt and is not of suf-

ficient thickness to support the weight of ordinary objects that may be placed thereon.

"That the treads on the stairway are made of thin pieces of wood which are not glued together.

"That there are cracks in the foundation of the house.

"The plastering of the building is checked and cracked.

"The floors in the rear of the storerooms have settled so that they are not level.

"That said building is constructed of the cheapest materials cheaply put together and the building and the land upon which it is situated are worth at least seven thousand dollars ($7,000) less than the property would have been worth if the building had been constructed as represented.

"That all of said representations were falsely and fraudulently made by the said Gustav Larson for the purpose of inducing this defendant to purchase said property and if defendant had been advised of the true condition of said property he would not have purchased said property, and defendant has been damaged in at least the sum of seven thousand dollars ($7,000) by reason of the facts aforesaid.

"That the aforesaid Gustav Larson and his wife, Anna Larson, are proper parties to this action for the purpose of determining the issues therein.

"WHEREFORE, this defendant prays:

"First: That plaintiff take nothing by this action.

"Second: That the said Gustav Larson and Anna Larson be made parties to this action and that this defendant have judgment against them for the said sum of seven thousand dollars ($7,000) damages and that any sum recovered as damages be credited upon his contract for the purchase of said building."

The demurrer, as we see it, presents two questions: (1) Does the quoted provision of the contract eliminate the question of fraud; and (2) may the appellant litigate the question of his having been induced to enter into the contract by fraud in this action and have

the Larsons brought in, so that the controversy may be completely determined?

■ .The first question, we regard as governed by the case of *Dieterich v. Rice,* 115 Wash. 365, 197 Pac. 1. Here, as there, it is pleaded that the purchaser was without the special knowledge and ability which would enable him to ascertain the true conditions by inspection, and that the fraudulent representations upon which he relied induced him to enter into the contract. Moreover, we doubt whether the writing, when read as a whole, can be said to be calculated or intended to cover inherent and latent defects in the building; but we need not pursue that subject, because, if its execution was induced by fraud, it had no binding effect upon the appellant under the authority just cited.

■ Rem. Comp. Stat., § 266, which, in justice to the trial court, it should be said was not called to his attention, covers the question of setoff and seems to have been framed expressly to meet a situation such as is here presented. That section reads:

"The defendant in a civil action upon a contract expressed or implied, may set off any demand of a like nature against the plaintiff in interest, which existed and belonged to him at the time of the commencement of the suit. And in all such actions, other than upon a negotiable promissory note or bill of exchange, negotiated in good faith and without notice before due, which has been assigned to the plaintiff, he may also set off a demand of a like nature existing against the person to whom he was originally liable, or any as-signee prior to the plaintiff, of such contract, provided such demand existed at the time of the assignment thereof, and belonging to the defendant in good faith, before notice of such assignment, and was such a demand as might have been set off against such person to whom he was originally liable, or such assignee while the contract belonged to him."

If appellant was induced by false and fraudulent representations to enter into the contract, then his cause of action immediately arose, and was in existence when the contract was afterwards assigned to the respondent.

Further, the defense here offered is, more strictly speaking, what is known to the common law as recoupment, which means the keeping back or stopping something which is otherwise due, because the other party to the contract has violated some duty devolving upon him in the same transaction. See 24 R. C. L. 793. Since what was assigned was a chose in action only, and not in any sense protected by the negotiable instrument law, the assignee stands in the shoes of his assignor. We conclude that it was error to sustain the demurrer.

Reversed, with directions to overrule the demurrer and to order Larson and wife to be made parties to the action.

MITCHELL, C. J., PARKER, MAIN, and HOLCOMB, JJ., concur.