[No. 31937.   Department Two.   March 6, 1952.]

JOHN MELE, *Respondent,* v. A. B. CERENZIE *et al.,*
*Appellants.*[1]

[1]Reported in 241 P. (2d) 669.

*Cornelius E. Collier,* for appellants.

*Murphy & Bantz,* for respondent.

HILL, J.—This began as an action to recover three thousand dollars of the four thousand dollars paid a real-estate broker on the sale of a half interest in certain real property, but, on the basis of a trial amendment, the plaintiff sought recovery of the entire four thousand dollars.

The complaint alleged, in brief, that John Mele, hereinafter called Mele, obtained the services of A. B. Cerenzie, hereinafter called Cerenzie, "by conversation," for the purpose of selling certain real property; that Cerenzie falsely and fraudulently represented to Mele that. a prospective purchaser was without funds to make the down payment of ten thousand dollars and that it would be necessary for Cerenzie to obtain a loan of ten thousand dollars for the purchaser, and that, to secure the loan, he would have to pay the party making the loan a bonus of three thousand dollars, and for that reason it would be necessary for Mele to pay Cerenzie three thousand dollars in addition to the commission of one thousand dollars which had been agreed upon between them; that Mele relied upon these representations and signed an agreement to sell the property for forty thousand dollars and to pay Cerenzie four thousand dollars; that the sale was consummated and Cerenzie was

paid four thousand dollars; and that thereafter Mele learned that the purchaser had not needed a loan and that Cerenzie had procured none.

A demurrer to the complaint was overruled, and this, appellant insists, was error, because it appears from the complaint that the agreement between Mele and Cerenzie whereby the latter was to receive one thousand dollars for his services was not in writing. Appellant relies upon Rem. Rev. Stat., § 5825 (5) [P.P.C. § 577-3], and *Chamberlain v. Abrams,* 36 Wash. 587, 591, 79 Pac. 204, and *American, Inc. v. Bishop,* 29 Wn. (2d) 95, 185 P. (2d) 722.

Neither the statute nor the cases are in point. The agreement which the statute declares void unless in writing is one for the payment of a commission to the agent, but it does not say that the actual authority to sell or purchase must be in writing. *Stewart v. Preston,* 77 Wash. 559, 137 Pac. 993; *Pedersen v. Jones,* 35 Wn. (2d) 180, 211 P. (2d) 705.

In *Stewart v. Preston, supra,* which was an action to recover secret profits obtained by a broker-agent, the same contention was made as in the present case. We there quoted with approval from *Rathbun v. McLay,* 76 Conn. 308, 56 Atl. 511, as follows:

" 'To adopt the defendant's contention would be to hold the monstrous doctrine that an agent employed to do anything concerning land could with impunity be as dishonest as he pleased and cheat and defraud his principal to his heart's content, if it chanced that his agency was not evidenced in writing.' "

The demurrer was properly overruled.

Cerenzie pleaded as an affirmative defense the "Agreement to Purchase" signed by the purchaser and Mele and his wife, which contained an unequivocal promise by Mele and his wife to pay Cerenzie four thousand dollars upon the closing of the transaction. Cerenzie assigns as error the admission of evidence to contradict, vary or explain the terms of this agreement, as being a violation of the parol evidence rule. Proof that a written agreement was induced by fraud is a universally recognized exception

to that rule that is as well established as the rule itself. *Dieterich v. Rice*, 115 Wash. 365, 197 Pac. 1; *Nelson Co. v. Goodrich*, 159 Wash. 189, 292 Pac. 406; *Gronlund v. Andersson*, 38 Wn. (2d) 60, 227 P. (2d) 741. See annotation, 56 A. L. R. 13.

■ It was proper to admit the evidence complained of, and it abundantly sustains the trial court's finding that Mele was induced to sign an agreement to pay Cerenzie four thousand dollars on the false representations alleged in the complaint. While appellant Cerenzie denies that he made the representations, it is conceded that the purchaser needed and received no help from him in financing the transaction.

Cerenzie further takes the position that, after all, it is immaterial what he told Mele he was going to do with the four thousand dollars, as he was not acting as an agent for Mele until Mele signed the agreement to pay four thousand dollars for the services Cerenzie rendered in. securing a purchaser for the property; that the purchaser completed the transaction on terms satisfactory to Mele; and that Mele, having received all that he had bargained for, is not entitled to recover anything from Cerenzie.

■■ To that contention there are two answers: First, the evidence is conclusive to the trial court and to this court that Cerenzie's false statement that he had to pay three thousand dollars as a bonus for the loan was the inducing cause for the agreement to pay four thousand dollars, and that, if that false representation had not been made and had not been relied upon by Mele, he would not have signed an agreement to pay Cerenzie that amount; second, although there was no written agreement between Mele and Cerenzie prior to the agreement under which Cerenzie received four thousand dollars, Cerenzie was actually Mele's agent prior to the signing of that written agreement. We said, in *Ewing & Clark v. Mumford,* 157 Wash. 617, 289 Pac. 1026, that when a broker obtained authority from the owner

" . . . to find a purchaser for the property at a stated price, the relation of principal and agent was created between them, and this notwithstanding the listing of the property was verbal and not in writing."

See, also, *Peirce v. Wheeler,* 44 Wash. 326, 87 Pac. 361, and *Stewart v. Preston, supra.*

Since Cerenzie was Mele's agent, he had no right to deceive his principal as to what he was receiving out of the transaction. To do so is contrary to the fundamental principles of agency, where the utmost good faith is required. *Watson v. Bayliss,* 62 Wash. 329, 113 Pac. 770; *Breedlove v. Holton,* 143 Wash. 347, 255 Pac. 132; *Westerbeck v. Cannon,* 5 Wn. (2d) 106, 104 P. (2d) 918.

Whether upon the basis that the contract to pay Cerenzie was induced by Cerenzie's actual fraud or upon the basis that, as Mele's agent, Cerenzie lied to his principal and deceived him as to the amount he, Cerenzie, was receiving, which would be a breach of fidelity and a fraud in law, the trial court's judgment that Mele is entitled to recover three thousand of the four thousand dollars that he paid Cerenzie, is a proper one. The judgment appealed from is affirmed.

SCHWELLENBACH, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.