**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| ALPACAS OF AMERICA LLC, a Washington limited liability company, | No. 46702-0-II |
| Respondent, | |
| v. | |
| SAM and ODALIS GROOME, | UNPUBLISHED OPINION |
| Appellants. | |

MELNICK, J. — This case involves actions on two promissory notes. Alpacas of America LLC (AOA) filed a complaint seeking to collect on two notes: the Phashion Model (PM) note and the Black Thunder's Midnight (BTM) note. Sam Groome and Odalis Canut[1] appeal Thurston County Superior Court's orders granting summary judgment to AOA, denying the Groomes's motion to reconsider, and denying the Groomes's CR 56(f) motion for a continuance. We do not consider the orders granting summary judgment and denying the motion to reconsider as they pertain to the PM note because the Groomes did not sufficiently argue these issues in their brief. Therefore, we affirm the trial court in part. We vacate the order granting summary judgment and remand to the extent the order applies to the BTM note because we conclude that the Groomes established a genuine dispute of material fact as to the BTM note. We also vacate the order denying

---

[1] Sam and Odalis divorced and no longer have the same last name. They are both parties to this case because the trial court determined they are jointly and severally liable on the promissory notes. For clarity, we refer to the appellants as "the Groomes" and Sam Groome individually as "Groome." We intend no disrespect.

the motion to reconsider as it relates to the BTM note. Finally, we hold that the trial court did not abuse its discretion by denying the CR 56(f) motion for a continuance.

FACTS

Groome is the owner of Marathon Alpacas and Fiber Mill in Marathon, New York. He has purchased alpacas from AOA for many years. In the past, AOA paid for Groome's hotel room during AOA's annual auction, and according to Groome, he had a good relationship with his AOA contact, Randy P. Snow. William Barnett, the managing member of AOA, took over management in a more hands-on fashion when Snow retired in July 2009. Snow is not a party to this action.

At the time this dispute arose, the Groomes had purchased several alpacas from AOA. The Groomes owed varying amounts on each alpaca. This appeal involves two alpacas—Phashion Model (PM) and Black Thunder's Midnight (BTM). The Groomes purchased PM around January 14, 2006 for $25,000. They then purchased BTM approximately one year later for $27,000. During each transaction, the Groomes made a down payment, entered into a "Female Sales Contract" with AOA, executed a promissory note, and executed a security agreement. Clerk's Papers (CP) at 22, 33.

The sales contracts for both PM contained a warranty stating each alpaca was sold "AS IS" except that "[a] maiden female alpaca, that has never been bred, is guaranteed at maturity to conceive when bred to a herd sire owned by the Seller and bred at the facility owned by the Seller." CP 23, 34. The sales contract for BTM contained an almost identical warranty provision. The warranties provided that if a female alpaca was not successfully bred by the time she reached 36 months old, AOA would take possession of the animal for up to six months and attempt to breed it. AOA would either return the bred animal, return the purchaser's money in full, or exchange

the alpaca for another. According to the sales contracts, PM was born August 19, 2004 and BTM was born August 13, 2005.

On September 24, 2007, Groome wrote a letter to AOA, addressed to Snow, stating that he was having problems breeding one of his alpacas named Dark Seeqret, that he had not received adequate responses for the past six months from AOA, and that the nonresponsive behavior was unacceptable. At first, the Groomes made monthly payments on the notes for PM and BTM but completely stopped making payments after October 2007. According to Groome, this was a "way of forcing AOA to deal honestly with its warranty obligations." CP at 141. For the summary judgment motions, both parties provided affidavits or communication logs of varying degrees of detail, showing that Groome called AOA but was not put in contact with Snow. The records showed that between 2008 and 2009, Groome and a bookkeeper at AOA discussed Groome's outstanding balances, Groome's demands and concerns about the alpacas, and Groome's pending divorce.

AOA's records showed that the Groomes made a lump-sum payment in March 2008 and instructed AOA on how to allocate the money on their outstanding debts. None of the payments went to the PM note or the BTM note. Throughout 2008, the Groomes paid off or paid down the amount on four other alpacas they purchased from AOA—Dreame Maker, Rhama Dee, Crushed Velvet, and Dark Seeqret. The Groomes made no further payments on PM or BTM after October 2007.

Barnett claimed that both PM and BTM gave birth since the Groomes stopped payment. According to Groome, BTM has never given birth and the document Barnett relied on to state otherwise was inaccurate because the name of the alpaca on the document was a mistake.

In April, 2012, AOA filed a complaint to collect on the two promissory notes for PM and BTM. The Groomes responded with a CR 12(b)(6) motion, which the trial court granted, dismissing the case. AOA appealed and we reversed and remanded.[2]

AOA then filed a motion for summary judgment. The record does not show that the Groomes have ever filed an answer or otherwise plead affirmative defenses.[3] The Groomes responded to the motion for summary judgment and argued the defense of recoupment. The Groomes also moved for relief under CR 56(f), seeking a continuance for further discovery. They requested complete discovery answers to questions "about why AOA suddenly refused to return calls and honor warranty obligations." CP at 164. The trial court granted summary judgment in AOA's favor and also orally denied the CR 56(f) motion.

---

[2] *Alpacas of Am., LLC v. Groome*, 179 Wn. App. 391, 394, 317 P.3d 1103 (2014).

[3] AOA raised no issues in the trial court or on appeal relating to this apparent lack of pleadings. The only mention appears in a declaration filed by AOA's attorney in support of the motion for summary judgment in which he states,

> After remand, I urged [the Groomes's attorney] on multiple occasions to file an answer to the complaint. Groomes have still not answered the complaint. However, [the Groomes's attorney] has indicated to me an intention to defend on the grounds of accord and satisfaction of one or both notes, and/or breach of warranty in the underlying sale.

CP at 5.

The Groomes filed a motion to reconsider the order granting summary judgment and denying CR 56(f) relief. The trial court denied the motion and entered a final judgment. The Groomes appeal the order granting summary judgment, the trial court's denial of the motion to reconsider, and denial of the CR 56(f) motion.[4]

## ANALYSIS

I.      SUMMARY JUDGMENT AND MOTION TO RECONSIDER

The Groomes argue that the trial court erroneously granted summary judgment because they established a genuine dispute of material fact. They also contend that the trial court erred by denying their motion to reconsider after they presented new evidence relating to a material fact. We agree in part.

A.      STANDARD OF REVIEW

We review an order for summary judgment de novo, engaging in the same inquiry as the trial court. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and their reasonable inferences in the light most favorable to the nonmoving party. *Jones*, 146 Wn.2d at 300.

---

[4] On March 2, 2015, the Groomes filed a motion on the merits, seeking a ruling to reverse the trial court and to grant their appeal. We denied the motion on March 13. On the same day we denied the Groomes's motion on the merits, AOA moved to dismiss the Groomes's appeal as frivolous. On March 31, a commissioner of this court ruled that the motion to dismiss and the request for fees would be addressed when the underlying appeal was heard. We deny the motion to dismiss.

A party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton*, 115 Wn.2d at 516. If the moving party satisfies its burden, the nonmoving party must present evidence demonstrating that a material fact remains in dispute. *Atherton*, 115 Wn.2d at 516. The nonmoving party may not rest on allegations or denials from the pleadings. *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wn.2d 355, 359, 753 P.2d 517 (1988). The response, by affidavits or as otherwise provided under CR 56(e), must set forth specific facts that reveal a genuine issue for trial. *Marshall v. Bally's Pacwest, Inc.*, 94 Wn. App. 372, 377, 972 P.2d 475 (1999). "[C]onclusory statements of fact will not suffice." *Grimwood*, 110 Wn.2d at 360.

If the nonmoving party fails to demonstrate that a material fact remains in dispute, and reasonable persons could reach but one conclusion from all the evidence, then summary judgment is proper. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). If the nonmoving party "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then the trial court should grant the motion." *Go2Net, Inc. v. C I Host, Inc.*, 115 Wn. App. 73, 83, 60 P.3d 1245 (2003) (quoting *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989)).

B.     GENUINE DISPUTE OF MATERIAL FACT

In the first appeal we heard on this case, we held that UCC article 3, specifically chapter 62A.3 RCW, applied. *Alpacas of Am., LLC v. Groome*, 179 Wn. App. 391, 398-99, 317 P.3d 1103 (2014). RCW 62A.3-305(a)(3) applies to each transaction and the Groomes executed a separate

6

sales contract, promissory note, and security agreement for each alpaca they purchased from AOA. Therefore, we address the PM and BTM notes individually. The Groomes contend that they provided evidence that a genuine dispute of material fact existed as to the affirmative defense of recoupment regarding the BTM note. We agree. However, because the Groomes do not provide sufficient argument regarding the PM note, we do not address it. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (holding that an appellant waives an issue when he fails to argue it in his opening brief).[5]

Under RCW 62A.3-305, an obligor can assert a limited number of defenses in recoupment against a duty to pay on a note. Recoupment is "keeping back or stopping something which is otherwise due, because the other party to the contract has violated some duty devolving upon him in the same transaction." *Nelson Co. v. Goodrich*, 159 Wash. 189, 194, 292 P. 406 (1930). Under the statute, an obligor can assert the defense of breach of warranty in the underlying sale as a claim in recoupment to offset the amount due on a note. RCW 62A.3-305(a)(3). The buyer bears the burden of proving the breach. RCW 62A.2-607(4). Therefore, to defeat summary judgment, the Groomes must have established a genuine dispute of material fact as to this defense.

As a threshold issue, AOA argues that the Groomes's decision to stop payment was an anticipatory repudiation, allowing AOA to suspend its performance under the warranty obligation. *See* RCW 62A.2-610(c). Anticipatory repudiation is repudiation of a contract before there has

---

[5] The only argument the Groomes make on the PM note is a bald legal assertion in the facts section of their brief. For an issue to be considered on appeal, an appellant must raise the issue in the assignments of error, present an argument on the issue, and provide some legal citation. RAP 10.3; *State v. Olson*, 126 Wn.2d 315, 321, 893 P.2d 629 (1995). Furthermore, the Groomes did not sufficiently argue a defense to payment on the PM note at the trial court level. Failure to argue a claim in response to a summary judgment motion generally precludes consideration of the argument on appeal. *Milligan v. Thompson*, 110 Wn. App. 628, 633, 42 P.3d 418 (2002). The Groomes's attorney only briefly argued satisfaction and accord orally at the hearing on the motion for summary judgment.

been a breach by nonperformance. *Wallace v. Kuehner*, 111 Wn. App. 809, 816, 46 P.3d 823 (2002). It is an express or implied assertion of intent not to perform a party's obligations under the contract prior to the time for performance. *CKP, Inc., v. GRS Constr. Co.*, 63 Wn. App. 601, 620, 821 P.2d 63 (1991).

Both the Groomes and AOA raise anticipatory repudiation on appeal. However, AOA did not raise anticipatory repudiation in its motion for summary judgment. Generally, we only consider arguments brought to the attention of the trial court. RAP 9.12. Therefore, we decline to consider whether anticipatory repudiation relieves AOA of its obligation to perform under the warranty because it was not considered by the trial court when it granted summary judgment. We next turn to whether the Groomes established a genuine dispute of material fact.

AOA filed a complaint for collection on two promissory notes. The parties do not dispute the amount due on the notes. Thus, the only material facts in this case are those that go to whether or not there was a breach of warranty, i.e., whether or not BTM gave birth and if she did not, whether or not AOA honored its warranty obligation. Summary judgment was proper if there were no genuine disputes of material fact as to whether or not BTM gave birth and as to AOA's breach of its warranty obligation.

The Groomes contend that the trial court made a credibility determination—deciding to believe that the Groomes's divorce was the reason Groome stopped payment over his own affidavit stating he stopped because AOA did not honor the warranty obligation—and thus, rejected material facts provided by the Groomes. The Groomes also argue that the September 2007 letter to Snow, Groome's declaration that BTM is still infertile, and Groome's assertion that he stopped paying because of AOA's breach of its warranty obligations, are material facts that create a genuine

dispute and thus, defeat summary judgment as to the BTM note. We generally agree without considering the Groomes's credibility argument.

The September 2007 letter solely addressed Dark Seeqret and does not create a genuine dispute of material fact regarding BTM. Therefore the letter is irrelevant to BTM and the BTM note. However, on August 13, 2008, BTM would have reached the requisite age of 36 months. AOA asserted through declaration that the Groomes notified AOA in December 2008 that BTM failed to conceive, but that BTM was pregnant then or has given birth since. Groome's affidavit stated that BTM never gave birth and that he notified AOA of his trouble breeding her. Groome also asserted that the document AOA relied on to state otherwise is inaccurate because the name of the alpaca was a mistake. If Groome's affidavit is proved correct, at the point BTM reached the requisite age, AOA was in breach of its warranty obligations because the warranty obligation was triggered and AOA did not perform. Thus, Groome established a genuine dispute of material fact. A genuine dispute of material fact regarding whether BTM gave birth existed and thus, summary judgment was improper.

The Groomes also contend that the trial court erred by denying their motion to reconsider after they submitted a second declaration. Because we reverse the trial court on the BTM note, we need not consider this issue.

II.    CR 56(f) MOTION

The Groomes argue that the trial court erred by denying their CR 56(f) motion to continue. We disagree.

9

A.   STANDARD OF REVIEW

We review a trial court's denial of a CR 56(f) motion for a continuance for manifest abuse of discretion. *MRC Receivables Corp. v. Zion*, 152 Wn. App. 625, 629, 218 P.3d 621 (2009). A CR 56(f) motion is appropriate when affidavits are unavailable.

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that, for reasons stated, the party cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

CR 56(f).

The trial court does not abuse its discretion if: (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or, (3) the desired evidence will not raise a genuine issue of material fact. *Butler v. Joy*, 116 Wn. App. 291, 299, 65 P.3d 671 (2003). We will not disturb the trial court's exercise of its discretion unless its decision is based on untenable or unreasonable grounds. *Winston v. Dep't of Corrs.*, 130 Wn. App. 61, 65, 121 P.3d 1201 (2005).

B.   CONTINUANCE

The Groomes argue that the trial court erred by denying their CR 56(f) motion for a continuance to obtain discovery that would refute AOA's version of events. The Groomes argued in response to the motion for summary judgment that the evidence they were denied in discovery "tells the tale of *why* AOA failed to live up to its warranty obligations and could not reconcile its own accounts." CP at 163 (emphasis in original). Groome requested emails discussing earlier conversations about BTM and explaining that AOA was going through a transition in management and struggling financially. Procuring this evidence would not have changed the outcome. The

evidence would neither prove whether or not BTM gave birth nor whether AOA breached its warranty obligations. The arguments he presented for additional discovery did not establish material facts. Therefore, the trial court did not abuse its discretion. The Groomes did not provide a good reason for further delay and the desired evidence would not assist in the summary judgment motion.

III.    ATTORNEY FEES

RAP 18.1(a) provides for attorney fees and costs on appeal if "applicable law grants to a party the right to recover." A party requesting attorney fees must "devote a section of its opening brief to the request for the fees or expenses." RAP 18.1(b).

The contracts between AOA and the Groomes for PM and BTM allow for recovery of attorney fees.[6] AOA properly requests attorney fees in its response brief. The Groomes argue that the promissory notes are unenforceable but do not dispute attorney fees. We affirm the trial court's grant of summary judgment on the PM note and therefore award attorney's fees to AOA related to that note. We do not reach the issue of attorney fees as to the BTM note because we vacate the order granting summary judgment and remand to the trial court to determine whether the Groomes owe on the note.

---

[6] The promissory note and security agreement for PM state, "[T]he Note holder shall be entitled to collect all reasonable costs and expenses of collection, including but not limited to reasonable attorneys' fees and litigation related expenses regardless of whether or not a lawsuit is commenced, and including such fees, costs and expenses which may be incurred at trial, on appeal, or for protecting the interest of the Note holder." CP at 26. The promissory note and security agreement for BTM state that default will "entitl[e] AOA to all of the remedies set forth in [the] Security Terms and Conditions, including reimbursement of all attorney fees and expenses incurred by AOA in collecting this Note or enforcing its security interest." CP at 37.

We affirm the trial court's order granting summary judgment on the PM note. We vacate the order granting summary judgment as to the BTM note and remand. We also affirm the trial court's denial of the CR 56(f) motion and award attorney fees to AOA as to the PM note only.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Johanson, C.J.